IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00796-MEH

UNITED STATES OF AMERICA,

                Plaintiff

v.

121 ASH ROAD, BASALT, COLORADO

                Defendant

---

VERIFIED ANSWER AND DEMAND FOR JURY TRIAL

---

True owner Henke Property LLC ("Henke"), a Colorado limited liability company, answers the Verified Complaint for Forfeiture *In Rem* of Plaintiff United States of America ("Plaintiff") as follows. (The numbering in paragraphs 1 to 130 of this Answer correspond to the numbering in paragraphs 1 to 130 of the Complaint (Dkt. No. 1).)

## JURISDICTION AND VENUE

1. Henke admits the Complaint includes allegations that purport to arise under civil forfeiture provisions of 18 U.S.C. § 981(a)(1)(A), (C), based of alleged violations of 18 U.S.C. §§ 1956, 1957, 1343, and 1344, but Henke denies any factual or legal basis for any of Plaintiff's claims, including that specified in the First through Fourth Claims for Relief. Henke admits that this Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2. Henke admits the allegations in paragraph 2 of the Complaint.

## DEFENDANT PROPERTY

3.

a. Henke admits that the legal description for real property defendant 121 Ash Road, Basalt, Colorado ("121 Ash Road") is set out in Exhibit A to the Complaint, which speaks for itself. Henke admits that it is the rightful owner of 121 Ash Road, as set forth in Henke's Notice of Claim (Dkt. No. 14). Henke admits that 121 Ash Road is unencumbered. Henke denies any factual or legal basis for any of Plaintiff's claims with respect to 121 Ash Road. Except to the extent admitted herein, Henke denies the remaining allegations of paragraph 3, subpart a, of the Complaint.

b. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 3, subpart b, of the Complaint, and on that basis, denies them.

## FACTUAL BASIS FOR FORFEITURE

4. No answer is required regarding paragraph 4 of the Complaint because it does not set forth any allegations that require a response.

## BACKGROUND OF INVESTIGATION

**_Overview of Individuals and Entities_**

5. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint, and on that basis, denies them.

6. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 of the Complaint, and on that basis, denies them.

7. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 7 of the Complaint, and on that basis, denies them.

8. Henke admits that Evatt Tamine ("Tamine") is manager of Henke. Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 8 of the Complaint, and on that basis, denies them.

9. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 9 of the Complaint, and on that basis, denies them.

10. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 10 of the Complaint, and on that basis, denies them.

11. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 11 of the Complaint, and on that basis, denies them.

12. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 12 of the Complaint, and on that basis, denies them.

13. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 13 of the Complaint, and on that basis, denies them.

14. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 14 of the Complaint, and on that basis, denies them.

### ***Overview of Bank and Wire Fraud Scheme***

### ***2006 Reynolds & Reynolds Acquisition***

15. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 15 of the Complaint, and on that basis, denies them.

16. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 16 of the Complaint, and on that basis, denies them.

17. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 17 of the Complaint, and on that basis, denies them.

18. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 18 of the Complaint, and on that basis, denies them.

19. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 19 of the Complaint, and on that basis, denies them.

20. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint, and on that basis, denies them.

21. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 21 of the Complaint, and on that basis, denies them.

22. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 22 of the Complaint, and on that basis, denies them.

23. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 23 of the Complaint, and on that basis, denies them.

24. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 24 of the Complaint, and on that basis, denies them.

25. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 25 of the Complaint, and on that basis, denies them.

26. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 26 of the Complaint, and on that basis, denies them.

***Brockman/Tamine Emails***

27. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 27 of the Complaint, and on that basis, denies them.

28. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 28 of the Complaint, and on that basis, denies them.

29.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 29 of the Complaint, and on that basis, denies them.

30.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 30 of the Complaint, and on that basis, denies them.

31.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 31 of the Complaint, and on that basis, denies them.

32.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 32 of the Complaint, and on that basis, denies them.

33.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 33 of the Complaint, and on that basis, denies them.

34.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 34 of the Complaint, and on that basis, denies them.

***Emails from Deutsche Bank to Brockman and/or Robert Smith***

35.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 35 of the Complaint, and on that basis, denies them.

36.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 36 of the Complaint, and on that basis, denies them.

***Mechanics of the Buy Back Scheme***

37.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 37 of the Complaint, and on that basis, denies them.

38.     Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 38 of the Complaint, and on that basis, denies them.

39. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 39 of the Complaint, and on that basis, denies them.

40. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 40 of the Complaint, and on that basis, denies them.

41. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 41 of the Complaint, and on that basis, denies them.

42. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 42 of the Complaint, and on that basis, denies them.

43. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 43 of the Complaint, and on that basis, denies them.

44. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 44 of the Complaint, and on that basis, denies them.

45. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 45 of the Complaint, and on that basis, denies them.

46. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 46 of the Complaint, and on that basis, denies them.

47. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 47 of the Complaint, and on that basis, denies them.

48. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 48 of the Complaint, and on that basis, denies them.

49. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 49 of the Complaint, and on that basis, denies them.

50. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 50 of the Complaint, and on that basis, denies them.

51. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 51 of the Complaint, and on that basis, denies them.

52. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 52 of the Complaint, and on that basis, denies them.

53. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 53 of the Complaint, and on that basis, denies them.

***Reynolds & Reynolds Failed to Disclose the Affiliate Purchase by Edge Capital Investments, Ltd. on Ernst & Young Audited Financial Statements – 2008 and 2009***

- To the extent an answer is required to this heading, Henke is without knowledge or information sufficient to admit or deny the allegations in this heading, and on that basis, denies them.

54. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 54 of the Complaint, and on that basis, denies them.

55. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 55 of the Complaint, and on that basis, denies them.

56. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 56 of the Complaint, and on that basis, denies them.

57. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 57 of the Complaint, and on that basis, denies them.

58. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 58 of the Complaint, and on that basis, denies them.

59. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 59 of the Complaint, and on that basis, denies them.

60. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 60 of the Complaint, and on that basis, denies them.

61. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 61 of the Complaint, and on that basis, denies them.

62. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 62 of the Complaint, and on that basis, denies them.

63. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 63 of the Complaint, and on that basis, denies them.

***Reynolds & Reynolds Refinance***

64. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 64 of the Complaint, and on that basis, denies them.

65. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 65 of the Complaint, and on that basis, denies them.

66. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 66 of the Complaint, and on that basis, denies them.

67. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 67 of the Complaint, and on that basis, denies them.

68. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 68 of the Complaint, and on that basis, denies them.

69. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 69 of the Complaint, and on that basis, denies them.

70. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 70 of the Complaint, and on that basis, denies them.

71.   Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 71 of the Complaint, and on that basis, denies them.

### FINANCIAL ANALYSIS OF FRAUD PROCEEDS

72.   Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 72 of the Complaint, and on that basis, denies them.

73.   Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 73 of the Complaint, and on that basis, denies them.

74.   Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 74 of the Complaint, and on that basis, denies them.

75.   Henke admits that it purchased 121 Ash Road for $5,000,000 and made improvements to the property totaling at least $10,000,000.  Henke is without knowledge or information sufficient to admit or deny the allegation that fraud proceeds were used in the purchase of, and improvements to, 121 Ash Road, and on that basis, denies the allegation.  Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 75 of the Complaint, and on that basis, denies them.

***Purchase and Development of Defendant 121 Ash Road***

76.   Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 76 of the Complaint, and on that basis, denies them.

77.   Henke admits that 121 Ash Road is real property located in Basalt, Colorado and is a privately owned ranch on the Frying Pan River, in Basalt, Colorado.  Henke admits that it purchased 121 Ash Road for $5,000,000.  Henke admits that it made improvements to the property.  Henke admits that Tamine, as manager of Henke, gave direction relating

to the purchase of 121 Ash Road and improvements to the property. Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 77 of the Complaint, and on that basis, denies them.

78. Henke admits that it is the rightful owner of 121 Ash Road, as set forth in Henke's Notice of Claim (Dkt. No. 14). Henke admits that it is 100% owned by Henke Holdings LLC. Henke admits that both entities (Henke Property LLC and Henke Holdings LLC) were formed in Colorado on September 7, 2005. Henke is without knowledge or information sufficient to admit or deny the allegation that both entities were formed at the direction of Robert Brockman ("Brockman"), and on that basis, denies the allegation. Henke admits that Carl Linnecke ("Linnecke") is a CPA in Aspen, Colorado. Henke denies that Linnecke assisted Don Jones and Tamine with incorporating both entities. Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 78 of the Complaint, and on that basis, denies them.

79. Henke admits that Regency Management Ltd. is the sole director of Henke Property LLC. Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 79 of the Complaint, and on that basis, denies them.

80. Henke admits the allegations in paragraph 80 of the Complaint.

81. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 81 of the Complaint, and on that basis, denies them.

82. Henke admits that, from May 25, 2011 through August 27, 2014, there were at least 28 wire transfers totaling at least $10,550,000 initiated from Regency Management's Bermuda Commercial Bank account #06-801-200717-01 to Henke's Wells Fargo account #9042-018029. Henke admits that improvements to 121 Ash Road were

paid for with these funds. Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 82 of the Complaint, and on that basis, denies them.

83.     Henke admits the allegations in paragraph 83 of the Complaint.

84.     Henke admits that Brockman made annual lease payments to Henke for use of 121 Ash Road, and Brockman frequently used the property during the summer. Except to the extent admitted herein, Henke denies the remaining allegations of paragraph 84 of the Complaint.

85.     Henke admits that Brockman made annual lease payments to Henke for use of 121 Ash Road. Henke admits that it made improvements to the property. Henke admits that the property was developed to facilitate fishing. Henke admits that Tamine provided instructions regarding the property to Linnecke and that Linnecke asked questions of, and took direction from, Tamine regarding the property. Henke admits that Linnecke acted as a property manager for 121 Ash Road and the "Mountain Queen" property owned by Mountain Queen, Inc. Henke is without knowledge or information sufficient to admit or deny the other allegations in paragraph 85 of the Complaint, and on that basis, denies them.

86.     Henke admits that Brockman made annual lease payments to Henke for use of 121 Ash Road. Henke denies that wire transfers were made for the lease payments to Henke and denies that Tamine initiated or authorized wire transfers for the lease payments. Except to the extent admitted herein, Henke denies the remaining allegations of paragraph 86 of the Complaint.

***Defendant Funds Held in Mirabaud Bank Account #509951***

    87.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 87 of the Complaint, and on that basis, denies them.

    88.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 88 of the Complaint, and on that basis, denies them.

    89.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 89 of the Complaint, and on that basis, denies them.

    90.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 90 of the Complaint, and on that basis, denies them.

    91.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 91 of the Complaint, and on that basis, denies them.

    92.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 92 of the Complaint, and on that basis, denies them.

    93.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 93 of the Complaint, and on that basis, denies them.

    94.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 94 of the Complaint, and on that basis, denies them.

    95.    Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 95 of the Complaint, and on that basis, denies them.

***Edge Capital Investments, Ltd. Received Returns on Proceeds from SumTotal Systems Debt***

- To the extent an answer is required to this heading, Henke is without knowledge or information sufficient to admit or deny the allegations in this heading, and on that

basis, denies them.

96. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 96 of the Complaint, and on that basis, denies them.

97. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 97 of the Complaint, and on that basis, denies them.

98. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 98 of the Complaint, and on that basis, denies them.

99. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 99 of the Complaint, and on that basis, denies them.

***Edge Capital Investments, Ltd.'s Mirabaud Bank Account # 509951***

100. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 100 of the Complaint, and on that basis, denies them.

101. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 101 of the Complaint, and on that basis, denies them.

102. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 102 of the Complaint, and on that basis, denies them.

103. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 103 of the Complaint, and on that basis, denies them.

104. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 104 of the Complaint, and on that basis, denies them.

105. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 105 of the Complaint, and on that basis, denies them.

*Financial Analysis of Mirabaud Bank Account #509951*

106. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 106 of the Complaint, and on that basis, denies them.

107. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 107 of the Complaint, and on that basis, denies them.

108. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 108 of the Complaint, and on that basis, denies them.

109. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 109 of the Complaint, and on that basis, denies them.

110. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 110 of the Complaint, and on that basis, denies them.

111. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 111 of the Complaint, and on that basis, denies them.

112. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 112 of the Complaint, and on that basis, denies them.

## CRIMINAL INDICTMENT

113. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 113 of the Complaint, and on that basis, denies them.

114. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 114 of the Complaint, and on that basis, denies them. To the extent paragraph 114 contains legal conclusions, no response is required.

<u>VERIFICATION OF TED LAIR, SPECIAL AGENT</u>

<u>INTERNAL REVENUE SERVICE-CRIMINAL INVESTIGATION</u>

No answer is required regarding the verification to the Complaint because it does not set forth any allegations that require a response.

<u>FIRST CLAIM FOR RELIEF</u>

115.    Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 114 above as if fully set forth herein.

116.    Henke denies the allegations in paragraph 116.  To the extent paragraph 116 contains legal conclusions, no response is required.

<u>SECOND CLAIM FOR RELIEF</u>

117.    Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 116 above as if fully set forth herein.

118.    Henke denies the allegations in paragraph 118.  To the extent paragraph 118 contains legal conclusions, no response is required.

<u>THIRD CLAIM FOR RELIEF</u>

119.    Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 118 above as if fully set forth herein.

120.    Henke denies the allegations in paragraph 120.  To the extent paragraph 120 contains legal conclusions, no response is required.

<u>FOURTH CLAIM FOR RELIEF</u>

121.    Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 120 above as if fully set forth herein.

122.    Henke denies the allegations in paragraph 122.  To the extent paragraph

122 contains legal conclusions, no response is required.

### FIFTH CLAIM FOR RELIEF

123. Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 122 above as if fully set forth herein.

124. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 124 of the Complaint, and on that basis, denies them. To the extent paragraph 124 contains legal conclusions, no response is required.

### SIXTH CLAIM FOR RELIEF

125. Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 124 above as if fully set forth herein.

126. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 126 of the Complaint, and on that basis, denies them. To the extent paragraph 126 contains legal conclusions, no response is required.

### SEVENTH CLAIM FOR RELIEF

127. Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 126 above as if fully set forth herein.

128. Henke is without knowledge or information sufficient to admit or deny the allegations in paragraph 128 of the Complaint, and on that basis, denies them. To the extent paragraph 128 contains legal conclusions, no response is required.

### EIGHTH CLAIM FOR RELIEF

129. Henke repeats and incorporates by reference its admissions and denials of paragraphs 1 to 128 above as if fully set forth herein.

130. Henke is without knowledge or information sufficient to admit or deny the

allegations in paragraph 130 of the Complaint, and on that basis, denies them. To the extent paragraph 130 contains legal conclusions, no response is required.

The remainder of Plaintiff's Complaint, beginning with the word "WHEREFORE," constitutes a prayer for specific relief to which no answer is required. To the extent a response is appropriate, Henke denies that Plaintiff is entitled to any of the requested relief sought in the First through Fourth Claims for Relief.

## DEMAND FOR JURY TRIAL

Henke demands a trial by jury.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### Second Affirmative Defense

2. To the extent that Plaintiff's allegations are true, Henke was at all times an "innocent owner" under 18 U.S.C. § 983(d).

### Third Affirmative Defense

3. Plaintiff's Complaint is barred by the applicable statute of limitations, including but not limited to 19 U.S.C. § 1621.

WHEREFORE, Henke prays that Plaintiff takes nothing by way of its Complaint and that Henke recovers its attorneys' fees, costs, pre- and post-judgment interest, and such other and further relief as the Court may deem just and proper.

King & Spalding LLP

*/s/ Cliff Stricklin*

Cliff Stricklin
1401 Lawrence Street
Suite 1900
Denver, Colorado 80202
Phone (720) 535-2327
cstricklin@kslaw.com

## **VERIFICATION**

I, Carl B. Linnecke, authorized representative of Henke Property LLC, hereby verify and declare under penalty of perjury that I have read the foregoing Verified Answer to Verified Complaint for Forfeiture *In Rem* and know the contents thereof, and that the matters contained in the Answer are true to the best of my knowledge, information, and belief.

I hereby verify and declare under penalty of perjury that the foregoing is true and correct.

Dated the 30th day of June, 2021.

HENKE PROPERTY LLC

_____
By: Carl B. Linnecke
Authorized Representative

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on June 30, 2021, a true and correct copy of the foregoing Verified Answer was filed with the Clerk of Court using the CM/ECF system, which will service such filing on the following:

Tonya S. Andrews
Assistant U.S. Attorney
Chief, Asset Recovery Section
U.S. Attorney's Office for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Tonya.Andrews@usdoj.gov
*Attorney for United States of America.*

Claimant
Edge Capital Investments, Ltd.

Represented by
Branden D. Lewiston
Aegis Law Group LLP
801 Pennsylvania Avenue, N.W.
Market Square West
Suite 740
Washington, DC 20004
202-737-3500
Email: blewiston@aegislawgroup.com

*/s/ Stephanie Tafoya*
Stephanie Tafoya