IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00796-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. 121 ASH ROAD, BASALT, COLORADO,
2. APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK ACCOUNT #509951,

       Defendants.

---

**PROPOSED SCHEDULING ORDER AS TO DEFENDANT 121 ASH ROAD, BASALT, COLORADO**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of the conference:    Wednesday, October 13, 2021 at 11:00 a.m.

Appearances:

| | |
|---|---|
| Plaintiff United States: | Tonya S. Andrews<br>Laura B. Hurd<br>Assistant United States Attorneys<br>United States Attorney's Office<br>1801 California Street, Suite 1600<br>Denver, CO 80202<br>Phone: (303) 454-0100<br>Email: Tonya.Andrews@usdoj.gov<br>Laura.Hurd@usdoj.gov |
| Claimant Henke Property LLC: | Cliff Stricklin<br>King & Spalding LLP<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 80202<br>Phone: (720) 535-2327 |

1

cstricklin@kslaw.com

## 2. STATEMENT OF JURISDICTION

This Court has jurisdiction and venue in this case pursuant to 28 U.S.C. §§ 1345 and 1355.

## 3. STATEMENT OF CLAIMS AND DEFENSES

*a.    Plaintiff:*

The United States seeks forfeiture of defendant 121 Ash Road, Basalt, Colorado (defendant 121 Ash Road), pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (C), as property traceable to and/or involved in a violations of 18 U.S.C. §§ 1343, 1344, 1956, and 1957.

*b.    Claimant Henke Property LLC ("Henke"):*

Henke is the rightful owner of defendant 121 Ash Road. *See* Notice of Claim, ECF No. 14. Henke purchased the property in December 2010, and a Special Warranty Deed was filed in Eagle County, Colorado, on December 28, 2010, reflecting Henke's ownership interests in 121 Ash Road. *See id.* Henke disputes that this civil forfeiture action is related to any other action, including *United States v. Brockman*, S.D. Tex., No. 4:21-cr-00009-1.

## 4. UNDISPUTED FACTS

*The following facts are undisputed:*

1.    Venue is proper and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355.

2.    Defendant 121 Ash Road was purchased for $5,000,000.00 in December 2010.

3.    Defendant 121 Ash Road is titled to Henke Property LLC.

2

4. Evatt Tamine is the manager of Henke Property LLC.

5. Evatt Tamine gave direction relating to the purchase and improvements to defendant 121 Ash Road.

6. Henke Property LLC is 100% owned by Henke Holdings LLC.

7. Henke Property LLC and Henke Holdings LLC were formed in Colorado on September 7, 2005.

8. Regency Management Ltd. is the sole director of Henke Property LLC.

9. From May 25, 2011 through August 27, 2014, there were at least 28 wire transfers, totaling at least $10,550,000.00 from Regency Management's Bermuda Commercial Bank account #06-801-200717-01 to Henke Property LLC's Wells Fargo account #9042-018029. Improvements to defendant 121 Ash Road were paid for with these funds. Brockman frequently used defendant 121 Ash Road, Basalt, Colorado during the summer.

## 5. COMPUTATION OF DAMAGES

a. The relief sought by the United States is an Order of Forfeiture forfeiting defendant 121 Ash Road to the United States to be disposed of in accordance with law.

b. The relief sought by Claimant Henke Property LLC is that Plaintiff take nothing by way of its Complaint, and that Henke recover its attorneys' fees, costs, and pre- and post-judgment interest pursuant to applicable law (including but not limited to 28 U.S.C. § 2465), and such other and further relief as the Court may deem just and proper.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  *Date of Rule 26(f) meeting:*

The Rule 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).  Nonetheless, the parties conferred on October 5, 2021.

b. *Names of participants and party they represent:*

Tonya S. Andrews and Laura B. Hurd represent the United States.

Cliff Stricklin represents Claimant Henke Property LLC.

c. *Statement as to when Rule 26(a)(1) disclosures were made or will be made:*

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture *in rem* action arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

d. *Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1):*

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture *in rem* action arising from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

e. *Statement concerning any agreements to conduct informal discovery:*

The United States and Claimant Henke Property LLC have not agreed to conduct any informal discovery.  The parties remain open to conducting informal discovery, such as joint interviews with potential witnesses.

f. *Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system:*

The parties have agreed to cooperate in order to reduce the costs of litigation and expedite the just disposition of the case, including the use of a unified exhibit numbering system.

> g. *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form:*

The parties believe there is an extensive amount of electronically stored information that will be disclosed in this case.

The United States has numerous documents, records, and evidence gathered as part of the underlying investigation. The majority of such evidence has been stored electronically. The United States is prepared to provide such electronic evidence through a thumb-drive, and/or electronic cloud system, such as USAfx. The parties have taken methods to preserve the electronically stored information (ESI) related to the claims set forth in the complaint. The parties have agreed to use key word search terms to search any large sets of ESI. The parties have agreed to produce ESI in the form in which it is ordinarily maintained or in a reasonably usable form. The parties intend to request metadata in relation to the creation of certain business documents and will request this ESI be produced as static images with an accompanying load file(s) containing relevant extracted metadata fields. The parties will consult regarding the potential for any inaccessible ESI in this case.

The parties further agree to reduce duplication in production, such that any requested ESI need not include earlier email strings encompassed in final email, attachments or documents otherwise provided, duplicates, and attorney-client communication. The parties agree that these types of documents need not be logged on a document-by-document basis and may be more generally logged as a defined

range of documents in a privilege log.  The parties further agree to consult regarding any discovery disputes that arise in relation to this paragraph prior to filing discovery motions.

h. *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:*

The United States and Claimant Henke Property LLC have not engaged in settlement discussions, but remain open to discussing the possibilities for a settlement or resolution of the case by alternate dispute resolution.

## 7.  CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:*

The parties agree to 15 depositions per party. The parties are amenable to additional depositions upon a showing of good cause. The parties agree that each party may serve on each other party 25 interrogatories.

b. *Limitations which any party proposes on the length of depositions:*

Each deposition will be limited to one day of seven (7) hours.

c. *Limitations which any party proposes on the number of requests for production of documents and/or requests for admissions:*

The parties agree that each party may serve 25 requests for production of documents and 25 requests for admission on each other party.

    d.    *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

The parties disagree on the deadline to serve their Interrogatories, Requests for Production of Documents, and/or Requests for Admissions to allow timely responses before the discovery cutoff. The United States believes the deadline should be June 7, 2023. Henke believes the deadline should be May 17, 2022.

    e.    *Other Planning or Discovery Orders:*

The United States believes that discovery, at this juncture, is limited to requests and responses that will not adversely affect the underlying prosecution of the related criminal case. To the extent Claimant Henke Property LLC seeks discovery that will adversely affect the related criminal prosecution, the United States reserves its rights to seek a motion to stay discovery under 18 U.S.C. § 981(g).

The parties further agree to the entry of a Fed. R. Evid. 502 Order and protective order regarding documents disclosed during discovery and non-disclosure to third parties during the pendency of *United States v. Robert T. Brockman*, criminal case number 21-cr-00009 in the Southern District of Texas.

Henke disagrees that this civil forfeiture action is related to *United States v. Brockman*, S.D. Tex., No. 4:21-cr-00009-1. Henke is willing to consider and confer with the United States about the need and terms for a 502 Order and/or a protective order and will confer with the United States about same.

## 9. CASE PLAN AND SCHEDULE

a. *Deadline for Joinder of Parties and Amendment of Pleadings:* United States - **October 1, 2022;** Henke – November 26, 2021.

b. *Discovery Cut-off:* United States - **June 29, 2023;** Henke – July 1, 2022

c. *Dispositive Motions Deadline:* **August 10, 2023**; Henke – May 1, 2022

d. *Expert Witness Disclosure*

   1. The parties shall identify anticipated fields of expert testimony, if any.

      a) United States: Money Laundering techniques, financial expert, forensic accounting, organizational structures

      b) Claimant Henke LLC: Forensic accountant; financial expert. Discovery is in its infancy and Henke reserves the right to change this as information is discovered.

   2. Limitations which the parties propose on the use or number of expert witnesses. The parties agree on two experts per party without leave of court.

   3. The parties disagree on the deadline to designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2). United States - on or before **January 5, 2023**; Henke – on or before May 3, 2022.

   4. The parties disagree on the deadline to designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2). United States - on or before **February 7, 2023**; Henke – on or before June 2, 2022.

e. *Identification of Persons to be Deposed:*

| Person to be Deposed | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|

| | | | |
|---|---|---|---|
| Carl Linnecke | TBD | TBD | TBD |
| Henke Property LLC Representative | TBD | TBD | TBD |
| Henke Holdings LLC Representative | TBD | TBD | TBD |
| Regency Management Ltd. Representative | | | |
| Edge Capital Investments Ltd Representative | | | Per FRCP 30 |
| Evatt Tamine | | | Per FRCP 30 |
| Robert Brockman | | | Per FRCP 30 |
| Michael Henry, Managing Director – Deutsche Bank | TBD | TBD | Per FRCP 30 |
| Other employees of Deutsche Bank | TBD | TBD | Per FRCP 30 |
| IRS agents | TBD | TBD | Per FRCP 30 |
| Employees of Reynolds & Reynolds | TBD | TBD | Per FRCP 30 |

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times:

_____

_____.

b. A final pretrial conference will be held in this case on _____ at _____ o'clock __.m.  A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. *A statement of those discovery or scheduling issues, if any, on which counsel after a good-faith effort, were unable to reach an agreement:*

None.

b. *Anticipated length of trial and whether trial is to the court or jury:*

9

United States: Three-week trial to a jury. Henke: Henke believes a 5-day jury trial is sufficient.

c.  *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, LaPlata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango Colorado 81301:* None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended upon a showing of good cause.

SO ORDERED this _____ day of _____ 2021.

BY THE COURT:

_____
HON. MICHAEL E. HEGARTY
United States Magistrate Judge

APPROVED: