# OPERATING AGREEMENT

## OF

## HENKE PROPERTY LLC

THIS OPERATING AGREEMENT of HENKE PROPERTY LLC (the "Company") is made as of the ____ day of September, 2005, by HENKE HOLDINGS, LLC, a Colorado limited liability company, as its sole member.

### RECITALS

A.   The Company was formed pursuant to the Colorado Limited Liability Company Act, Article 80 of Title 7 of the Colorado Revised Statutes ([as amended], the "LLC Act"), on September 7, 2005, by the filing of Articles of Organization (the "Articles") in the office of the Colorado Secretary of State.

B.   The Company and its sole member desire to enter into this limited liability company agreement pursuant to the LLC Act.

### AGREEMENT

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

### ARTICLE 1
### GENERAL

**1.1   Purpose of the Company.**  The purpose of the Company is to engage in the transaction of any lawful business.

**1.2   Powers.**  The Company shall have all of the powers of a limited liability company under the LLC Act.

**1.3   Duration.**  The Company shall have perpetual existence and shall continue until it is dissolved pursuant to Article 6 of this Agreement.

**1.4   Effect of Operating Agreement.**  This Agreement shall be the sole governing document for the Company. The provisions of this Agreement shall control over provisions of the LLC Act contrary to the provisions of this Agreement, except to the extent any provisions of this Agreement are expressly prohibited or ineffective under the LLC Act or other applicable law. The member shall be entitled to rely upon the provisions of this Agreement, and the member shall not be liable to the Company for


GOVERNMENT EXHIBIT 2
21-CV-00796-MEH

ET_0001558159

any action taken, any omission or any refusal to act, in reliance upon the provisions of this Agreement in good faith.

## ARTICLE 2
## OFFICES; RECORDS

**2.1  Principal Place of Business.**  The principal place of business of the Company shall be as determined by the member from time to time.  The initial principal place of business shall be as stated in the Articles.

**2.2  Registered Office and Agent.**  The Company shall at all times have and maintain in the State of Colorado a registered agent for service of process in accordance with the LLC Act.  The initial registered agent and the agent's business address are as specified in the Articles.  The member may change the registered agent of the Company upon making the filings with the office of the Colorado Secretary of State as required by the LLC Act.  The registered agent may change its business address upon notice to the Company and upon making the filings with the office of the Colorado Secretary of State as required by the LLC Act.

**2.3  Records.**  The member shall keep and maintain at the principal office of the Company, and otherwise, such books and records as the member may determine to be appropriate.

## ARTICLE 3
## MEMBER

**3.1  Initial Member.**  Henke Holdings, LLC shall be the sole member of the Company.

**3.2  Meetings.**  No annual or other meetings of the Company or its member shall be required.  Except as otherwise expressly provided in this Agreement, all actions of the Company shall be taken by consent of the member.

**3.3  Consent.**  Except for the amendment of this Agreement, and the admission of an additional member and the appointment of an agent for the Company, which shall require the written consent of the member, consent of the member may be manifested by the member in writing, orally or otherwise (including, without limitation, course of conduct.)

**3.4  Transfer of Interest.**  The interest of the member in the Company may be transferred by the member voluntarily or by operation of law. Upon transfer of the entirety of the member's interest in the Company, the transferee shall, without further documentation or action, become the member of the Company.

ET_0001558160

**3.5     Admission of Additional Members.** Except as provided in <u>Section 3.4</u>, a party may be admitted as an additional member of the Company only upon the written consent of the member. Upon the admission of any additional member, such member shall execute this Agreement, as amended to take into account the interest of such additional member, the resulting change in the income tax status of the Company and other matters as may be agreed by the member and such additional member.

**3.6     Liability of Member.** The member shall not be liable under a judgment, decree, order of a court, or in any other manner, for any debt, obligation or liability of the Company.

**3.7     Duties of the Member.** A member does not violate any duty or obligation to the Company merely because the member's conduct furthers the member's own interest. A member may lend money to, Borrow money from, act as a surety, guarantor or endorser for, guarantee or assume one or more obligations of, provide collateral for, and transact other business with, the Company, and has the same rights and obligations with respect to any such matters as those of a person who is not a member of the Company. No transaction shall be voidable solely because the member has a direct or indirect interest in the transaction if the transaction is fair to the Company.

**3.8     Indemnification.** Without limiting any other obligation of the Company to the member, the Company shall indemnify the member with respect to, and make advances for, the payments made, personal liabilities incurred, and expenses incurred, by the member in the ordinary and proper conduct of the Company's business and affairs (including the winding up thereof) or the preservation of the Company's business or property, to the maximum extent indemnification and advances are permitted under Section 7-80-410 of the LLC Act.

**ARTICLE 4**
**MANAGEMENT**

**4.1     Powers.** The management of the Company shall be vested in the manager, Henke Holdings, LLC, who shall have, with respect to the Company and its business and affairs, all of the powers of a manager under the LLC Act and who shall exercise all powers of the Company.

**4.2     Agency.** The manager shall be an agent of the Company. The execution or delivery by the manager on behalf and in the name of the Company of any documents shall constitute conclusive evidence of (a) the manager's power and authority on behalf and in the name of the Company to execute and deliver such document; (b) the power and authority of the Company to execute and deliver such document and to perform all obligations (if any) of the Company provided therein; and (c) the truth of any statement contained therein as to any action taken or to be taken by the manager or the Company (including such matters as formation, existence, power and authority, authorization, execution or delivery, the identities and genuine signatures

ET_0001558161

of the manager or agents of the Company and the existence or nonexistence of any fact constituting a condition precedent to the taking of any action by any of the foregoing). The manager may, by a written instrument, appoint any other agents of the Company as it may elect from time to time.

## ARTICLE 5
## FINANCIAL MATTERS

**5.1  Initial Capital Contribution.** As its initial capital contribution, the member has contributed to the Company the amount of Four Million Six Hundred Thousand U.S. Dollars ($4,600,000.00).

**5.2  Additional Capital Contributions.** The member may, but shall not be required to, make any additional capital contributions to the Company.

**5.3  Profits and Losses.** For United States federal and applicable state income tax purposes, the Company shall be disregarded as an entity separate from the member.

**5.4  Distributions.** All distributions of cash or other assets of the Company shall be made to the member, subject to Section 5.5 below, as requested by the member. The member shall have the right to demand to receive distributions from the Company in forms other than cash.

**5.5  Limits on Distributions.** The Company shall not make a distribution to the member to the extent that at the time of the distribution, after giving effect to the distribution, all liabilities of the Company, other than liabilities to the member on account of its limited liability company interest, exceed the fair value of the assets of the Company, or to the extent otherwise limited by the LLC Act or other applicable law.

**5.6  Taxpayer Identification Number.** For federal income tax purposes and, to the extent permitted by applicable law, all other purposes, the taxpayer or other identification number of the Company shall be the same as the taxpayer or other identification number of the member.

**5.7  Fiscal Year.** The fiscal year of the Company shall be the same as the fiscal year of the Member.

## ARTICLE 6
## DISSOLUTION, WINDING UP AND TERMINATION

**6.1  Events of Dissolution.** The Company shall be dissolved only upon:

(a)  the consent of the member; or

(b)  administrative or judicial action as provided in the LLC Act.

**6.2  Winding Up.**  Upon the dissolution of the Company, the member shall file a statement of intent to dissolve in the office of the Colorado Secretary of State in accordance with the LLC Act. Upon the filing of the statement of intent to dissolve, the Company shall cease to carry on its business, except insofar as may be necessary for the winding up of its business, and the Company shall be wound up by the member or any one or more other persons appointed by the member for such purpose, as liquidating trustee. The assets of the Company shall be distributed in the following order:

(a)  to creditors in the manner required by the LLC Act.; and

(b)  the balance to the member.

**6.3  Termination.**  Upon the completion of winding up, the Company shall terminate, and the liquidating trustee shall file articles of dissolution in the office of the Colorado Secretary of State in accordance with the LLC Act.

## ARTICLE 7
## MISCELLANEOUS

**7.1  Successor and Assigns.**  This Agreement shall inure to the benefit of and be binding upon the parties hereto and their successors and assigns.

**7.2  Governing Law.**  This Agreement shall be governed by and construed in accordance with the laws of the State of Colorado without regard to the principles applicable to conflicts of laws.

**7.3  Severability.**  Any provision of this Agreement which is invalid or unenforceable in any jurisdiction shall, as to such jurisdiction, be ineffective to the extent of such invalidity or unenforceability without rendering invalid or unenforceable the remaining terms and provisions of the Agreement, or affecting the validity or enforceability of any of the terms or provisions of this Agreement in any other jurisdiction.

**7.4  Amendment.**  This Agreement may be modified or amended only by a written instrument signed by the member.

**7.5  No Third Party Beneficiaries.**  This Agreement is for the sole benefit of the Company and the member, and no other person is intended to be a beneficiary of this Agreement or shall have any rights hereunder. Without limiting the generality of the foregoing, except as otherwise expressly provided in the LLC Act or applicable law, no creditor shall have any rights with respect to any agreement between the Company and the member with respect to capital contributions or otherwise under this Agreement.

IN WITNESS WHEREOF, this Operating Agreement of HENKE PROPERTY LLC has been executed as of the _____ day of September, 2005.

        COMPANY:

        HENKE PROPERTY LLC, a
        Colorado limited liability company, by
        HENKE HOLDINGS LLC, a Colorado
        limited liability company, as Sole Member

        By: _____
            Peter Poole, Manager

C:\Clients\Mountain Queen\henke property llc op agr.wpd