IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00796-MEH

UNITED STATES OF AMERICA,

                    Plaintiff

        v.

121 ASH ROAD, BASALT, COLORADO

                    Defendant

---

## HENKE PROPERTY LLC'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE HENKE'S CLAIM AND ANSWER

---

Henke Property, LLC ("Henke" or "Henke Property") respectfully files this response to the government's Motion to Strike Henke's Claim and Answer.

**I.        INTRODUCTION**

This civil forfeiture action concerns defendant property known as 121 Ash Road, Basalt, Colorado.  Plaintiff the United States commenced this action on March 18, 2021, asserting that 121 Ash Road constitutes property involved in a transaction in criminally derived property or constitutes or was derived from proceeds traceable to wire or bank fraud.  *See generally* ECF No. 1, Complaint.  **It is undisputed that Henke, as owner of 121 Ash Road, has standing to contest the forfeiture.**  ECF No. 33, Mot. at 10 n. 3. Instead, the government challenges the authority of Henke's authorized agent, Carl Linnecke, to act as Henke's representative in this action.  But Mr. Linnecke, who has served as Henke's registered agent since 2007, attested under penalty of perjury that he

is Henke's authorized representative, and that alone demonstrates he is authorized to act on Henke's behalf in this action.

To get around this, the government misapprehends an Appointment of Agent document and argues, based on its self-serving and erroneous interpretation of that document, that Mr. Linnecke must be prohibited from acting as Henke's agent in this action because he is prohibited from selling, transferring, or mortgaging the property. Assuming, *arguendo*, the Court is inclined to go beyond the pleadings (and facts subject to judicial notice) and consider such extrinsic evidence, the plain language of that document authorizes Mr. Linnecke to take such action as he shall determine to be in the best interest of Henke, including executing documents in connection with the operation of 121 Ash Road. By executing documents on behalf of Henke in this action, Mr. Linnecke is acting in the best interest of Henke, in furthering Henke's claim to *prevent* the sale, transfer, or other disposition of the property, *i.e.*, to preserve the status quo. The government attempts to turn the Appointment of Agent document on its head and insert a prohibition into the document that doesn't exist.

The government's motion also jumps the gun by challenging Henke's claim as illegitimate, blindly asserting that Henke filed a false claim because Henke is a "sham" LLC meant to "disguis[e] the actual beneficial owner, Mr. Robert Brockman's, interests." ECF No. 33, Mot. at 18. The government's false claim ignores the procedural posture of this case, confuses standing with merits, and turns a blind eye to the fact that it ultimately bears the burden of proving by a preponderance of evidence that the property is, in fact, forfeitable. *See* 18 U.S.C. § 983(c)(1). The Court should deny the Motion to Strike.

## II.    FACTUAL BACKGROUND

Henke, a company that was formed in Colorado in 2005,[1] purchased 121 Ash Road in December 2010.  ECF No. 14-2, Special Warranty Deed.  On June 9, 2021, Henke filed a claim that asserted an interest in 121 Ash Road, based on Henke's ownership interest in the property, as evidenced by the special warranty deed attached to Henke's claim.  ECF No. 14, Notice of Claim; ECF No. 14-2, Special Warranty Deed.  Henke's claim was verified under penalty of perjury by Carl B. Linnecke, Henke's authorized representative.  ECF No. 14-3, Declaration.  On June 30, 2021, Henke filed its verified Answer, denying any factual or legal basis for the United States' claims as to 121 Ash Road.  *See generally* ECF No. 17, Answer.  Henke's Answer was verified under penalty of perjury by Mr. Linnecke.  *Id.* at 19.

Since April 2007, Mr. Linnecke has served as Henke's registered agent.  Request for Judicial Notice, Ex. A, Henke Annual Report; Ex. 1, Declaration of Evatt Tamine ("Tamine Decl.") ¶ 3.  On February 25, 2013, Mr. Linnecke was also appointed Henke's agent.  ECF No. 33-3, Appointment of Agent.  The Appointment of Agent document provides that Mr. Linnecke is also Henke's agent:

> for the purpose of managing, operating and developing the Properties [including 121 Ash Road], with the *authority to take such action with respect thereto as he shall determine to be in the best interest of the Company*, including, without limitation, the authority to execute such contracts, agreements and other instruments and *documents as he may deem necessary or appropriate* in connection with the management, operation and/or development of the Properties.

---

[1] Henke was formed in Colorado on September 7, 2005.  ECF No. 17, Answer ¶ 78.  Henke is 100% owned by Henke Holdings LLC ("Henke Holdings").  *Id.*

*Id.* (emphasis added); Ex. 1, Tamine Decl. ¶ 6.  Notably, although the scope of Mr. Linnecke's authority does not include selling, transferring, or mortgaging 121 Ash Road, he is not prohibited from acting in Henke's best interest to *prevent* the sale, transfer, mortgage, disposition, or other actions affecting title of the property.  *See* ECF No. 33-3; Ex. 1, Tamine Decl. ¶ 7.

In fact, a later amendment to the Appointment of Agent on September 15, 2014 is consistent with such authority.  ECF No. 33-4, First Amendment to Appointment of Agent. The amendment authorized Mr. Linnecke to execute documents relating to the annexation of Lot 11 into the Ranch at Roaring Fork, which necessarily changed title to the property.

### III.    LEGAL STANDARD

In a civil forfeiture action, any person claiming an interest in the seized property may file a claim asserting such person's interest in the property.  18 U.S.C. § 983(a)(4)(A). The claim shall be filed in the manner set forth in the Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions ("Supplemental Rules").  *Id.*  At any time before trial, the government may move to strike a claim because the claimant lacks standing.  Supp. R. G(8)(c)(i)(B).  There are thus two types of standing involved in civil forfeiture cases: Article III standing, which is at issue in every federal case, and "statutory standing," which requires that a claimant satisfy statutory requirements of the Supplemental Rules.  *See generally United States v. $38,000.00 in U.S. Currency*, 816 F.2d 1538, 1543–47 (11th Cir. 1987).

In order to have constitutional standing, "a claimant must have a colorable ownership, possessory or security interest in at least a portion of the defendant property."

*United States v. $31,000.00 in U.S. Currency*, 872 F.3d 342, 348 (6th Cir. 2017) (citation omitted).  "Courts should not, however, conflate the constitutional standing inquiry with the merits determination that comes later."  *United States v. One-Sixth Share of James J. Bulger in All Present and Future Proceeds of Mass Millions Lottery Ticket No. M246233* (*Mass Millions Lottery Ticket No. M246233*), 326 F.3d 36, 41 (1st Cir. 2003).  That is why, at this initial stage, "the requirements for a claimant to demonstrate constitutional standing are very forgiving.  In general, any colorable claim on the defendant property suffices."  *Id.*

Statutory standing is established by satisfying the requirements set forth in Supplemental Rule G for filing a claim, which requires a claim that:  identifies the specific property claimed; identifies the claimant and the claimant's interest in the property; is signed by the claimant under penalty of perjury; and is served on the government attorney designated under Rule G(4).  Supp. R. G(5)(a)(i).

## IV.    ARGUMENT

### a. The Government Is Not Entitled to Judgment on the Pleadings That Henke Lacks Standing

Supplemental Rule G(8)(c) provides that a motion to strike a claim "may be presented as a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence."  Supp. R. G(8)(c)(ii)(B).  "It is clear from both the language and the structure of that rule that a claimant responding to a motion for judgment on the pleadings has no evidentiary burden; rather, that burden arises only when the government moves for a determination of standing after a hearing or in summary judgment proceedings."  *$31,000.00 in U.S. Currency*, 872 F.3d at 354.

The government's motion to strike here is fashioned as a motion for judgment on the pleadings that challenges the legal sufficiency of Henke's claim. *See* ECF No. 33, Mot. at 8 ("standing must be determined at the earliest stage"). The motion does not seek summary judgment, present summary-judgment-like evidence, or request an evidentiary hearing. Nor could it, as the parties have not engaged in discovery. Although the motion to strike relies on Henke's responses to limited special interrogatories served pursuant to Supplemental Rule G(6), even the Committee Notes to that rule acknowledge that such interrogatories only authorize a "*mo[tion] to dismiss* a claim for lack of standing." Comm. Notes, Supp. R. G(6) (emphasis added). As such, Henke has no evidentiary burden in opposing the government's motion to dismiss/motion for judgment on the pleadings. Further, in ruling on the motion, the Court must construe the claim's allegations "in the light most favorable to the non-moving party." *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009). As detailed below, Henke's claim and matters subject to judicial notice establish that Henke has standing, and that Mr. Linnecke is an agent with authority to represent Henke in this action.

### i. Henke Has Article III Standing

As to constitutional standing, "the requirements . . . are very forgiving." *Mass Millions Lottery Ticket No. M246233*, 326 F.3d at 41. As the court noted in *Mass Millions Lottery Ticket No. M246233*:

> In general, any colorable claim on the defendant property suffices. *$81,000*, 189 F.3d at 35 ("Courts generally do not deny standing to a claimant who is either the colorable owner of the res or who has any colorable possessory interest in it."); *see United States v. 7725 Unity Ave. N.*, 294 F.3d 954, 957 (8th Cir. 2002) ("The claimant need only show a colorable interest in the property, redressable, at least in part, by a return of the property."); *5 S 351 Tuthill Rd.*, 233 F.3d at 1023 (claimant must show only "actual stake in the outcome" of forfeiture); *Cambio*

> *Exacto*, 166 F.3d at 527 ("[W]hile ownership and possession generally may provide evidence of standing, it is injury to the party seeking standing that remains the ultimate focus."); *United States v. One 18th Century Colombian Monstrance*, 797 F.2d 1370, 1375 (5th Cir. 1986) (claimant "must be able to show at least a facially colorable interest in the proceedings sufficient to satisfy the case-or-controversy requirement and prudential considerations") (internal quotation omitted); *see also United States v. 221 Dana Ave.*, 261 F.3d 65, 71 & n. 5 (1st Cir. 2001) (noting congressional intent that ownership be broadly defined to include anyone with legal or equitable interest in property).

*Id.*

The government does not dispute that Henke owns 121 Ash Road and thus that Henke has a "colorable claim" on the property.  ECF No. 14, Henke's Claim; ECF No. 33, Mot. at 10 n.3.  The claim asserts, under penalty of perjury, that Henke is the rightful owner of 121 Ash Road and attaches a special warranty deed reflecting Henke's ownership interests in the property.  ECF No. 14, Claim; ECF No. 14-2, Special Warranty Deed.  Thus, Henke has adequately set forth its alleged interest in the property, so as to have Article III standing to contest the forfeiture requested by the Government.

### ii. Henke Has Statutory Standing

As to statutory standing, under Supplemental Rule C(6)(a)(iii), an agent, bailee, or attorney may file a claim for seized property, provided the filer states their authority to act on behalf of another.  *United States v. Real Property Located at 4527-4535 Michigan Avenue, Detroit, Michigan*, 489 F. App'x 855, 858 (6th Cir. 2012); *see also* Supp. R. G(1) (incorporating Supplemental Rules C and E to the extent that Supplemental Rule G does not address an issue).  If the company's claim complies with Supplemental Rule G and is filed by an agent demonstrating appropriate authority to act on the corporation's behalf, the corporation has carried its burden to establish statutory standing.  *See United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, No. 12–10253, 2014 WL

3420774, at *3–*6 (E.D. Mich. July 14, 2014) (company's claim filed by registered agent and president sufficient to establish standing); *U.S. v. ADT Sec. Servs., Inc.*, 522 F. App'x 480, 490 (11th Cir. 2013) (claim met statutory-standing requirements, even though it was brought on behalf of a non-existent LLC, because it was verified by person who stated that he was LLC's "managing member"); *see also United States v. $196,969.00 U.S. Currency*, 719 F.3d 644, 646 (7th Cir. 2013) ("bald assertion" of ownership strictly complies with Rule G).

Henke's notice of claim here meets the requirements of Supplemental Rule G because it: (1) identifies the specific property claimed as 121 Ash Road, Basalt, Colorado, the defendant in this action; (2) identifies Henke as the true owner of 121 Ash Road, as evidenced by the special warranty deed attached to the notice of claim; (3) is signed by the claimant, Henke, through its authorized representative, Mr. Linnecke, who stated under penalty of perjury that he was authorized to do so; and (4) was served on the government attorney designated under Rule G(4).  Supp. R. G(5)(a).

### iii.  Mr. Linnecke Is an Authorized Agent

As to Mr. Linnecke's authority to act on behalf of Henke in this action, the Court can take judicial notice of the fact that Mr. Linnecke has been Henke's registered agent with the State of Colorado since April 26, 2007.  Request for Judicial Notice, Ex. A, Henke Annual Report.  A registered agent has authority to speak on the company's behalf in a forfeiture action. *Four Thousand Two Hundred Seventy-Eight Dollars*, 2014 WL 3420774, at *5–*6.  In *Four Thousand Two Hundred Seventy-Eight Dollars*, the court rejected an agent's claim for seized property in his individual capacity but held the claim asserted on a corporation's behalf was valid because the agent was the corporation's registered agent

- 8 -

and president. *Id.*; *see also United States v. 2005 Pilatus Aircraft Bearing Tail No. N679PE*, No. 2:12-CV-223, 2015 WL 12839118 (S.D. Tex. July 16, 2015) (granting motion for fugitive disentitlement based on claim brought by company's registered agent in forfeiture action).

As Henke's registered agent—and property manager for 121 Ash Road (*see* ECF No. 17, Answer, ¶ 85)—Mr. Linnecke is a representative of Henke and point of contact between Henke and the outside world.  Thus, the declaration here supporting Henke's claim is sufficient, as it is signed under penalty of perjury by Mr. Linnecke, who attested that he is Henke's authorized representative—consistent with his status as Henke's registered agent—and that the information contained in the claim is true and correct.  ECF No. 14-3, Declaration.  This meets the requirements of Supplemental Rule G.  *See* Supp. R. G., advisory committee's note, sub. 5(a) (2006) ("The claim must be signed under penalty of perjury by the person making it.  An artificial body that can act only through an agent may authorize an agent to sign for it.").

None of the cases the government cites require a different result.  In *ADT Sec. Servs.*, the court considered whether a nonexistent LLC that was never properly formed as an LLC had standing to assert a claim *on its own behalf* or on behalf of other LLCs, which owned the defendant properties.  *ADT Sec. Servs.*, 522 F. App'x at 487–88, 490–91.  The authority of the agent who signed the claim on behalf of the purported LLC was not at issue in that case.  In fact, the court found that, as to statutory standing, the purported LLC was properly before the court within the technical meaning of Supplemental Rule G(5) because the claim was signed under penalty of perjury by the purported LLC's agent, who asserted he was its "managing member."  *Id.* at 490.  As to

whether the purported LLC could file the claim on behalf of other LLCs as their minority members, the court held it could not because the LLCs were manager-managed and, under state law, a member of a manager-managed LLC does not have authority to act solely by reason of being a member.  *Id.* at 491.  In contrast to the nonexistent LLC in *ADT Sec. Servs.* whose authority as a minority member was inconsistent with state law, Mr. Linnecke has been given authority to act on behalf of Henke.  *See* Colo. Rev. Stat. § 7-80-403; Request for Judicial Notice, Ex. A, Henke Annual Report; Ex. 1, Tamine Decl. ¶¶ 3, 8 (manager of Henke Holdings[2] (Henke Property's sole manager) attesting Mr. Linnecke was and is authorized to act on behalf of, and take all necessary actions to represent, Henke Property).

The 11th Circuit in *ADT Sec. Servs.* affirmed the district court's decision in *United States v. All Funds in the Acct. of Prop. Futures, Inc.*, 820 F. Supp. 2d 1305, 1329 (S.D. Fla. 2011) and, thus, *Prop. Futures* is distinguishable for the same reasons.  Similarly, the court in *United States v. Young*, 77 F. Supp. 3d 1191 (D. Utah 2014) cited *Prop. Futures* for the rule that a member of an LLC does not have standing to file a claim on its own behalf to LLC-owned property.  *Id.* at 1192 (citing *Prop. Futures* and noting, "like shareholders in a corporation, members of an LLC lack standing to contest the forfeiture of the LLC's assets; they are merely general, unsecured creditors of the LLC").  None of these cases dealt with a registered agent's authority to act on behalf of an LLC where, as here, the agent attested to his authority to act, the LLC filed the claim on its own behalf relating to property it owns, and it is undisputed that the LLC has standing.

---

[2] Henke's Answer erroneously stated that Evatt Tamine is Henke Property's manager. ECF No. 17, Answer ¶ 8.  Mr. Tamine is manager of Henke Holdings, not Henke Property. Ex. 1, Tamine Decl. ¶ 1.

*United States v. 2014 Nissan Altima 2.5L VIN 1N4AL3AP9EC195679*, 853 F. App'x 27 (7th Cir. 2021) is also distinguishable.  There, a year after the civil forfeiture and judicial sale of a car used in a drug-trafficking business, the claimant moved to intervene and for relief from the judgment.  *Id.* at 28.  The court rejected the belated motion because the claimant submitted no evidence that he had a personal interest in the seized car or that he had standing to represent his then-defunct company's alleged interest.  *Id.* at 29. Specifically, he failed to allege, and produced no evidence, that he was the successor in interest to the defunct company for the seized property.  *Id.*  Last, in *United States v. One 2009 Maserati Granturismo*, No. ED CV 15-2361 PA, 2016 WL 4502457 (C.D. Cal. June 6, 2016), the claimant lacked authority to file claims on behalf of two entities because one of the entities had initiated bankruptcy proceedings (and the claimant was not the Chapter 11 Bankruptcy Trustee with authority to file a claim for the seized property), and the other entity had forfeited its corporate charter based on a failure to file required franchise tax documents, meaning the organization—and any agents on its behalf—lacked standing to assert a claim.

In sum, this case is nothing like those that dealt with the interests of a nonexistent or defunct company or LLC members filing claims on their own behalf relating to LLC-owned property.  Instead, the claim here was brought by Henke Property—true owner of 121 Ash Road—and signed under penalty of perjury by its registered agent, Mr. Linnecke. Construing the claim's allegations in the light most favorable to the non-moving party, as the Court must, establishes that Mr. Linnecke has the authority to act as Henke's authorized representative in this action.

### b. Should the Court Consider Extrinsic Evidence, Mr. Linnecke Has Established He Is an Agent with Authority to Act on Behalf of Henke

Should the Court be inclined to go beyond the pleadings and find that the motion to strike should be treated as a motion after an evidentiary hearing or summary judgment motion, Henke more than meets its burden of establishing standing by a preponderance of the evidence.  *See* Supp. R. G(8)(c)(ii)(B).

Based on its narrow misreading of the Appointment of Agent document, the government mistakenly concludes that Mr. Linnecke is "expressly prohibited . . . from proceeding as an authorized representative."  ECF No. 33, Mot. at 12.  To reach this conclusion, the government ignores the Appointment's language giving Mr. Linnecke "authority to take such action with respect [to the Properties] *as he shall determine to be in the best interest of the Company*, including, without limitation, the *authority to execute such contracts, agreements and other instruments and documents as he may deem necessary or appropriate* in connection with the management, operation and/or development of the Properties."  ECF No. 33-3, Appointment of Agent (emphasis added).  Ignoring that, the government then narrows in on, and misapprehends, the document's statement that Mr. Linnecke's authority "shall not include the authority to sell, transfer, mortgage or take any other action affecting title to any of the Properties."  *Id.*

In the government's view, filing a claim in this forfeiture action is outside the scope of Mr. Linnecke's authority because this case will affect whether Henke keeps its title to 121 Ash Road.  That position misses the mark.  The limiting language is written to *prevent* Mr. Linnecke from making an unauthorized change in the company's title to the property.  *See* Ex. 1, Tamine Decl. ¶ 7 (manager of Henke Holdings (Henke Property's sole manager) attesting Mr. Linnecke is not prohibited from acting in Henke Property's best

interest to prevent disposition of property).  The Appointment of Agent is designed for Mr. Linnecke to be responsible for the property while maintaining the status quo of ownership. Representing the company in its claim filed in this forfeiture action is consistent with that responsibility.  Put differently, Mr. Linnecke refusing to act in the face of this forfeiture action would be impermissible, as it would have an actual effect on the title (and management and operation) of 121 Ash Road by forfeiting the property to the government uncontested.

All told, Mr. Linnecke is a proper representative for Henke in this case given his designation as the company's registered agent and his express appointment as an agent of the company for these purposes.  But, should the Court disagree, the result would not be to strike Henke's claim and Answer.  Instead, as the government concedes, Henke should be entitled to cure with a properly authorized representative under Federal Rule of Civil Procedure 15.

### c.  Henke's Answer Is Adequate

The government's remaining argument, that "Mr. Linnecke's lack of company knowledge" renders the Answer insufficient, is factually and legally wrong and confuses standing with merits.  ECF No. 33, Mot. at 18.  *First*, as detailed above, Mr. Linnecke is authorized to serve as Henke's agent in this action.  As such, he properly attested in his declaration attached as Exhibit C to Henke's Notice of Claim that Henke's claim, brought as the true owner of 121 Ash Road, is not frivolous.  ECF No. 14-3, Declaration.  He similarly properly verified the contents of Henke's Answer.  ECF No. 17, Answer.

*Second*, as "evidence" of Mr. Linnecke's lack of "company knowledge," the government argues it is improper for Henke to deny the Complaint's allegations based on

lack of knowledge as to the actions of Mr. Tamine (Henke Holdings' manager) and Regency Management (Henke Property's director).  ECF No. 33, Mot. at 2, ¶ 3 (citing Answer's denials on lack of knowledge).   The government surmises the denials are "because Mr. Linnecke, himself, lacks knowledge—not Henke Property." *Id.* at 18.  Yet, many of the denials the government takes issue with relate to the Complaint's allegations concerning acts of Edge Capital Investments, Ltd. ("Edge Capital") and Point Investments, Ltd. ("Point Investments")—acts *not* within "company knowledge."  *E.g.*, ECF No. 17, Answer, ¶¶ 12-13, 40-42, 52-53, 71-73, 76, 89, 92, 95, 100-101, 103, 105, 107-108.

The government does not cite any legal authority to support its theory that acts of one entity can be imputed to another—*i.e.*, Mr. Tamine's actions taken while director of Edge Capital can be imputed to Henke Property merely because Mr. Tamine is manager of Henke Holdings (Henke Property's manager).  The government similarly provides no explanation for why Henke should have knowledge of Point Investments' acts.  Instead, the government appears to argue that, because the companies are so-called "shams" to disguise their actual beneficial owner, Mr. Brockman, the circumstances justify disregarding the corporate entities.  ECF No. 33, Mot. at 18; *see also id.* at 18-19 (suggesting Henke's claim is a false claim); *but see United States v. Funds in the Amount of $239,400*, 795 F.3d 639, 645 (7th Cir. 2015) ("This is not a case where a claimant asserts ownership of a painting stolen from the National Gallery in Washington.").  Henke disagrees that it is a "sham" entity but, in any event, that is a merits determination that the government must prove later, and the jury must decide.  *Mass Millions Lottery Ticket No. M246233*, 326 F.3d at 41 ("Courts should not, however, conflate the constitutional

standing inquiry with the merits determination that comes later."); *United States v. $148,840.00 in U.S. Currency*, 521 F.3d 1268, 1276 (10th Cir. 2008) ("It may well be that forfeiture ultimately will prove appropriate, but we find it obvious that such a claimant risks injury within the meaning of Article III and thus may have his day in court.").

Indeed, Henke's position in this case is that it is the bona fide purchaser of 121 Ash Road, and it did not know and was reasonably without cause to believe that the property was subject to forfeiture.[3]  18 U.S.C. § 983(d)(3).  Thus, it makes no sense to say Henke—a company formed in 2005 in Colorado (ECF No. 33-2, Operating Agreement)—should have knowledge of, *e.g.*, the formation of Edge Capital in the 1990s in Nevis and formation of Point Investments, Ltd. in 1999 in the British Virgin Islands, or the operation of those companies. *E.g.*, ECF No. 1, Complaint ¶¶ 12-13, 40-42, 72, 89. Such an argument only succeeds if the government can prove by a preponderance of evidence at trial that the property is, in fact, forfeitable.

To the extent the Answer contains denials based on lack of knowledge as to allegations of Henke's own actions, that is due to the delay in Henke's factual investigation of the allegations, as a result of counsel meeting and conferring on the issue.  Following such factual investigation, Henke is now in a position to seek leave to amend its Answer.

---

[3] Henke's burden to prove its innocent owner defense does not arise until after the government meets its burden of establishing the forfeitability of the subject property.  *See* 18 U.S.C. § 983(c) & (d).

## V.     CONCLUSION

For the reasons set forth above, claimant Henke Property respectfully requests that the Motion to Strike be denied.

DATED this 23rd day of February 2022.

King & Spalding LLP

*/s/ Cliff Stricklin*

Cliff Stricklin
1401 Lawrence Street
Suite 1900
Denver, Colorado 80202
Phone (720) 535-2327
*cstricklin@kslaw.com*

King & Spalding LLP

*/s/ Blythe Kochsiek*

Blythe Kochsiek
633 W. Fifth Street
Suite 1600
Los Angeles, CA 90071
Phone (213) 443-4355
*bkochsiek@kslaw.com*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on February 23 2022, a true and correct copy of the foregoing **HENKE PROPERTY LLC'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE HENKE'S CLAIM AND ANSWER** was filed with the Clerk of Court using the CM/ECF system, which will serve such filing on the following:

Tonya S. Andrews
Assistant U.S. Attorney
Chief, Asset Recovery Section
U.S. Attorney's Office for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Tonya.Andrews@usdoj.gov
*Attorney for United States of America*

Laura B. Hurd
Assistant U.S. Attorney
U.S. Attorney's Office for the District of Colorado
1801 California Street, Suite 1600
Denver, CO 80202
Laura.hurd@usdoj.gov
*Attorney for United States of America*

Branden D. Lewiston
Aegis Law Group LLP
801 Pennsylvania Avenue, N.W.
Market Square West
Suite 740
Washington, DC 20004
202-737-3500
Email: blewiston@aegislawgroup.com
*Attorneys for Claimant*
*Edge Capital Investments, Ltd.*

*/s/ Mina Tunson*
Mina Tunson