IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00796-MEH

UNITED STATES OF AMERICA,

       Plaintiff,

v.

1. **121 ASH ROAD, BASALT, COLORADO**;
2. APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK ACCOUNT #509951,

       Defendants.
_____

**UNITED STATES' REPLY TO HENKE PROPERTY LLC'S RESPONSE TO GOVERNMENT'S MOTION TO STRIKE HENKE'S CLAIM AND ANSWER (Doc. 36)**
_____

     COMES NOW the United States of America (the "United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, and herein files its Reply to Claimant Henke Property LLC's Response to Government's Motion to Strike Henke's Claim and Answer.  (ECF Doc. 36).  In response, the United States sets forth the following:

**I.**    **FACTUAL BACKGROUND**

     1.     On January 19, 2022, the United States filed a Motion to Strike Henke Property LLC's Claim and Answer, as Mr. Carl Linnecke did not have authority to file a Claim as the authorized representative.  (ECF Doc. 33).  Alternatively, the United States requested that Henke Property cure with a properly authorized representative.  The United States' motion was based on Henke Property LLC's ("Henke Property") responses to special interrogatories regarding its filed Claim.  (ECF Doc. 33-1).

2.      On February 23, 2022, Henke Property filed its Response to Government's Motion to Strike Henke's Claim and Answer.  (ECF Doc. 36).  In its Response, Henke Property asserts that:  (1) the 2013 appointment (ECF Doc. 33-3) permits Mr. Linnecke to act as the authorized representative because he is authorized prevent the sale, transfer, or other disposition of the property;  (2) because Mr. Linnecke attests under penalty of perjury that he is authorized to represent Henke Property, such a claim is sufficient to confer standing; and (3) Mr. Linnecke's status as the registered agent gives him the authority.  Henke Property also requested that the Court take judicial notice of Mr. Linnecke's registration with the State of Colorado as agent for Henke Property.

3.      In addition to their response, Henke Property filed a Declaration of Evatt Tamine, which states, "To the extent there is any question whether Mr. Linnecke is authorized to represent Henke Property in this civil forfeiture action, I hereby (on behalf of Henke Holdings, manager of Henke Property) confirm that Mr. Linnecke was and is authorized to act as the authorized agent of, and take all necessary actions to represent, Henke Property in this action."  (ECF Doc. 36-1, ¶ 8).  Mr. Tamine signed the Declaration on February 22, 2022.

## II.     LEGAL ARGUMENT

### A.     The 2013 Appointment of Agent Does Not Provide Mr. Linnecke with Authority, however, the Declaration Appears to Provide Authority as of February 22, 2022

First, the 2013 Appointment of Agent does not provide Mr. Linnecke authority to act as a personal representative in this case.  (ECF Doc. 33-3).  The authority states in full:

NOW, THEREFORE, BE IT RESOLVED that Henke Holdings, acting as the sole member of the Company, appoints Carl B. Linnecke (the "Agent"), as agent for the Company for the purpose of managing, operating and developing the Properties, with the authority to take such action with respect thereto as he shall determine to be in the best interest of the Company, including, without limitation, the authority to execute such contracts, agreements and other instruments and documents as he may deem necessary or appropriate in connection with the management, operation and/or development of the Properties; provided, however, the authority granted to Agent hereunder shall not include the authority to sell, transfer, mortgage, or take any other action affecting title to any of the Properties.

(ECF Doc. 33-3).

The plain language states that Mr. Linnecke's authority to act for Henke Property is limited, in all respects, to certain categories—managing, operating, and developing the Properties. All authorized actions in the appointment are modified by those particular categories, including what would be deemed "to be in the best interest of the Company." Mr. Linnecke's authority is then further limited because he may not "sell, transfer, mortgage, or take any other action affecting title to any of the Properties."

Henke Property argues that Mr. Linnecke has authorization under the 2013 Appointment of Agent because he is not taking actions affecting title; rather, he is taking actions to prevent the transfer of title. However, there are two major flaws with such an argument. First, this civil forfeiture action has nothing to do with managing, operating, and developing defendant 121 Ash Road, which is the authority granted to Mr. Linnecke.[1] Second, assuming that this forfeiture action would fall under one of those categories, such a position means Mr. Linnecke's authority is wholly contingent on Henke Property's success. Such a reading of his authority would lead to inconsistent and illogical results. More specifically, if Henke Property is successful in litigation, Mr.

---

[1] The United States has only filed a *lis pendens*, and has not seized or interfered with management, operations, or development of the property.

Linnecke's authority is authorized because he prevented the transfer of title.  However, if Henke Property is unsuccessful in litigation, Mr. Linnecke's authority would have been unauthorized because transfer of title would actually occur.  *See* 18 U.S.C. § 981(f); *United States v. Clymore*, 245 F.3d 1195, 1200 (10th Cir. 2001) (the relation back doctrine vests title to the United States at the time the illegal act was committed).  Despite the argument that Mr. Linnecke can prevent transfer of title, the plain reading of the 2013 Appointment of Agent does not provide Mr. Linnecke authority to act as an authorized representative of Henke Property in this civil forfeiture case.

Nonetheless, Mr. Evatt Tamine's Declaration appears to grant Mr. Linnecke the authority to proceed in this case as of February 22, 2022.  (ECF Doc. 36-1).  Therefore, the United States has no objection to Mr. Linnecke proceeding as the authorized representative at this time. [2]

**B.   Neither Filing a Verified Claim nor Acting as the Registered Agent Confers Standing to Represent a Company Without Actual Authorization**

---

[2] In 2018, the prosecuting attorneys in *United States v. Brockman*,  4:21-cr-00009-1 (S.D. Tex. 2021) were provided a document in which Mr. Tamine resigned from all entities on September 28, 2018.  The document states,

> I hereby resign from my position as director, secretary, trustee, manager and/or any other office of any and all companies, trusts, or other entities.

> I stand willing to take any further formal steps required to effect my resignations in accordance with (i) the constitutional documents of each entity (including, but not limited to, articles of incorporation and/or bylaws), and/or (ii) applicable laws.

There is a dispute regarding the extent of that resignation.  Understanding that a dispute exists, the government relies on Henke Property's and its attorneys' own due diligence, knowledge of its own corporate structure, and proper authorities at this juncture.  However, if Mr. Tamine lacks the authority to act on behalf of Henke Holdings, LLC, Mr. Linnecke's and Henke Property's standing may again be at issue in this case.

Notwithstanding the filed Declaration, in its response, Henke Property argues that the attestation under the penalty of perjury by Mr. Linnecke in Henke's claim and his position as the registered agent provides him authority to act on behalf of the company in this litigation.[3]  Neither is legally sufficient without additional actual authority.

Henke Property states that, "Mr. Linnecke, who has served as Henke's registered agent since 2007, attested under penalty of perjury that he is Henke's authorized representative, and that alone demonstrates he is authorized to act on Henke's behalf in this action."  (ECF Doc. 36, p. 1-2).  However, the attestation under penalty of perjury in a verified claim does not alone confer statutory or Article III standing.  Standing is a threshold issue in every case.  *See Keyes v. School Dist. No. 1*, 119 F.3d 1437, 1445 (10th Cir. 1997) ("Standing is a threshold, jurisdictional issue.").  Supplemental Rule G and the numerous cases addressing standing based on claims signed under penalty of perjury negate such an argument.  *See* Supplemental Rule G(8)(c)(i)(A)-(B) (permitting the government to move to strike a claim or answer for standing at any time before trial); *see, e.g., United States v. 8 Pieces of Assorted Jewelry*, No. 19-cv-01439-SKC, 2020 WL 4350197, at *1-2 (D. Colo. July 29, 2020) (explaining statutory and Article III standing); *see also United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, No. 12-10253, 2014 WL 3420774, at *5 (E.D. Mich. July 14, 2014) (noting the attestation must be made by a person with both the authority to file the claim and personal knowledge of the facts alleged in the claim); *United States v. $8,440,190.00 in*

---

[3] Henke Property did not indicate that Mr. Linnecke's authority in this case was based on his status as the registered agent until their response.  Therefore, the United States did not address that issue in its motion.

*U.S. Currency*, 719 F.3d 49, 57 (1st Cir. 2013) (claimant bears the burden to establish standing by a preponderance of the evidence); *United States v. ADT Sec. Servs. Inc.*, 522 F. App'x. 480, 489 (11th Cir. 2013) (authority to file a claim on behalf of a third party is part of the standing analysis).

Mr. Linnecke's status as a registered agent also does not grant him the authority to file a claim on behalf of a company without authorization. *Scott v. Honeywell Int'l Inc.*, No. 14-CV-00157-PAB-MJW, 2016 WL 1077264, at *3 (D. Colo. Mar. 18, 2016) ("[A]n agency relationship requires pleading of facts showing that agent had apparent or actual authority to bind principal, and mere conclusory statements of agency status are insufficient to state a claim."). Henke Property states that a registered agent is authorized to represent an entity in litigation based merely upon the fact that he or she is the registered agent. That statement is at odds with the statutory framework governing a registered agent's authority in Colorado. Under Colo. Rev. Stat. § 7-90-704(1), a "registered agent of an entity is an agent of the entity authorized to receive service of process, notice, or demand required or permitted by law to be served on the entity." The registered agent is also an agent of the entity who the Colorado Secretary of State may deliver forms, notice, or other documents. *Id*. The registered agent has no other statutorily granted agency authority in Colorado. If a company wishes for the registered agent to do more, it must give the agent the actual authority to do so. *See, e.g., Willey v. Mayer*, 876 P.2d 1260, 1264 (Colo. 1994).

Although Claimant Henke relies on *United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, No. 12-10253, 2014 WL 3420774 (E.D. Mich. July 14, 2014) and *United States v. 2005 Pilatus Aircraft Bearing Tail No. N679PE*, No. 2:12-CV-

223, 2015 WL 12839118 (S.D. Tex. July 16, 2015) for the authority of a registered agent to represent a company in a forfeiture case, neither court held nor determined that a registered agent, without more, has the ability to file a claim on behalf of a company.   In addition, neither case addresses Colorado law or similar registered agent statutes.

In *United States v. Four Thousand Two Hundred Seventy-Eight Dollars*, the court did not hold that a registered agent would have authority to litigate on behalf of a company.  No. 12-10253, 2014 WL 3420774, at *5.   Although the court mentions that the claimant was the registered agent as well as the shareholder and president, a review of the actual claim that was filed does not mention the claimant's status as the registered agent at all, but rather, states that the claimant was "one of the owners of King Cole Foods, Inc. and its President."   Salam Manni and King Cole Food's Verified Statement of Interest, ECF Doc. 13 at 1, *Four Thousand Two Hundred Seventy-Eight Dollars*, No. 12-10253, 2014 WL 3420774.

Moreover, in *United States v. 2005 Pilatus Aircraft Bearing Tail No. N679PE*, the Court did not address standing, nor was it challenged. No. 2:12-CV-223, 2015 WL 12839118, at *1.  In that case, two claims were filed for the defendant aircraft.  *Id*.  The claims were filed individually, and on behalf of two companies by the same individual, Pablo Zarate Juarez.  *Id*.  A review of the filings shows that the defendant aircraft was registered to Premier International Holdings, Ltd.  *See* Notice of Filing of Verified Claim, ECF Docs. 3, 4, *2005 Pilatus Aircraft Bearing Tail No. N679PE*, No. 2:12-CV-223, 2015 WL 12839118.  One claim was filed on behalf of Viza Construction L.L.C., and stated that Mr. Juarez was the director and principal shareholder of Viza Construction, L.L.C. *See* Notice of Filing of Verified Claim, ECF Doc 3-1, *2005 Pilatus Aircraft Bearing Tail*

*No. N679PE*, No. 2:12-CV-223, 2015 WL 12839118.  The second claim was filed on behalf of Premier International Holdings Ltd., by Mr. Juarez as the registered agent, who reiterated that he was the director and principal shareholder of Viza Construction, L.L.C., and that he purchased the aircraft when Viza Construction L.L.C. purchased all the existing shares in Premier International Holdings Ltd., in 2011, which occurred prior to the forfeiture action in July 2012.  *See* Notice of Filing of Verified Claim, ECF Doc 4-1, *2005 Pilatus Aircraft Bearing Tail No. N679PE*, No. 2:12-CV-223, 2015 WL 12839118.  The two claims, read in concert, indicate that Viza Construction L.L.C., for which Mr. Juarez was the director, purchased the plane when it acquired all shares of Premier International Holdings, Ltd.  Mr. Juarez then became a fugitive from justice. The United States never challenged Premier International Holdings, Ltd.'s claim on standing grounds, but instead argued that the claimant could not challenge the forfeiture for either company under the fugitive disentitlement doctrine.  *Id.* at *3.  The Court granted the United States' motion, and Mr. Juarez's claims were dismissed.  *Id.* at *6.

Based on agency law and the Colorado registered agent statutes, it clear that a Colorado registered agent is an agent for a company for service of process and demand only.  Any additional authority outside the statutorily recognized agent authority would require additional authorization by Henke Property, through its manager, as a manager-managed limited liability company.

Henke Property further misconstrues standing in relation to Mr. Linnecke by conflating standing and ownership.  The United States never asserted that Henke Property would not have Article III standing if a claim was filed by an agent with authority.  However, if Mr. Linnecke was not given authority to serve as an authorized

representative in this case, he would be attempting to assert a third-party's rights without any individual stake in the litigation.  *See Warth v. Seldin*, 422 U.S. 490, 499 (1975) (A party "generally must assert [its] own legal rights and interests, and cannot rest [its] claim to relief on the legal rights or interest of third parties.").

Lastly, Henke Property indicates that it will seek leave to file an amended answer, but appears to take the position that Mr. Tamine's actions or knowledge with regard to other companies may not be imputed to Henke Property.   However, Mr. Tamine's own actions and knowledge cannot be completely siloed as Henke Property appears to indicate.  *See, e.g., S.E.C. v. Manor Nursing Ctrs. Inc.*, 458 F.2d 1082, 1089 n. 3 (2d Cir. 1972) (imputing violation of securities laws to two companies because the individual exercised blanket authority over the transactions) (citing *S.E.C. v. North American R. & D. Corp*, 424 F.2d 63, 79 (2d Cir. 1970)).

## CONCLUSION

The 2013 Appointment of Agent does not provide Mr. Linnecke the authority to litigate on behalf of Henke Property in this case.  Nonetheless, given Mr. Tamine's declaration that was filed by Henke Property, Mr. Linnecke appears to have authority at this time.  However, if the authority of Mr. Tamine as it relates to Henke Holdings LLC is no longer valid, the standing of Henke Property may again be at issue.

DATED this 9th day of March 2022.

Respectfully submitted,

COLE FINEGAN
United States Attorney

By:  s/ *Tonya S. Andrews*
     Tonya S. Andrews
     Assistant U.S. Attorney
     U.S. Attorney's Office
     1801 California St., Ste 1600
     Denver, Colorado 80202
     Telephone: (303) 454-0100
     E-mail: tonya.andrews@usdoj.gov
     *Attorney for the United States*


By:  s/ *Laura B. Hurd*
     Laura B. Hurd
     Assistant U.S. Attorney
     U.S. Attorney's Office
     1801 California St., Ste 1600
     Denver, Colorado 80202
     Telephone: (303) 454-0100
     E-mail: laura.hurd@usdoj.gov
     *Attorney for the United States*


## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record and true copies were mailed via regular and certified mail to:


     s/*Sheri Gidan*
     FSA Records Examiner
     U.S. Attorney's Office