IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00796-MEH

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.     121 ASH ROAD, BASALT, COLORADO, and

2.     APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN
     MIRABAUD BANK ACCOUNT #509951,

     *In Rem* Defendants,

and

EDGE CAPITAL INVESTMENTS, LTD. and
HENKE PROPERTY, LLC,

     Claimants.

---

## ORDER

---

**Michael E. Hegarty, United States Magistrate Judge.**

     Before the Court is Plaintiff's Motion to Strike Claim of Henke Property, LLC. ECF 33. Plaintiff brings this civil forfeiture action against two *res* assets. At issue here is a parcel of real property at 121 Ash Road in Basalt, Colorado, ("121 Ash Road"). Defending against its forfeiture, Henke Property, LLC ("Claimant") as title owner asserts a competing interest in that property. Plaintiff now seeks to strike its Claim (ECF 14) for lack of standing. The Motion is fully briefed, and the Court finds that oral argument would not materially assist in its adjudication. Based upon the record herein and for the reasons that follow, the Motion is denied.

## BACKGROUND

### I.    Plaintiff's Claim for Relief

Underlying this civil forfeiture action is a criminal indictment issued on October 1, 2020 in the Northern District of California[1] against Robert Brockman ("Brockman") for tax evasion, fraud, and money laundering. ECF 1 at ¶ 113. The charged criminal activity relevant to the instant Motion to Strike Claim is a debt buy-back scheme that Brockman allegedly carried out with the help of Evatt Tamine ("Tamine"). Brockman orchestrated it through several entities under his direct or indirect control including Edge Capital Investments, Ltd. ("Edge Capital") and Regency Management, Ltd. ("Regency"). Over the course of 2009 and ending on April 21, 2010, Plaintiff says that Edge Capital derived $72 million from the unlawful scheme.

In July 2010, Brockman and Tamine discussed what to do with those proceeds. In December 2010, Edge Capital transferred $15 million to Regency, which was used to buy real property near Basalt, Colorado. Claimant holds title to that property. At issue here is Claimant's purchase of another parcel of real estate, the 121 Ash Road property, with additional money received from Regency. After its purchase, Brockman then directed Regency to give Claimant money for property improvements. Brockman pays Claimant rent for use of the property even though he is its indirect owner. On the basis of those allegations, Plaintiff contends that 121 Ash Road was acquired with money from the fraud scheme.

### II.    Procedural Posture

Claimant opposes Plaintiff's attempt to seize 121 Ash Road. It filed a Claim (ECF 14) to assert its ownership over it. In support thereof, Claimant submits a deed dated December 28, 2010.

---

[1] There also is reference to a criminal case in the Southern District of Texas: *U.S. v. Brockman*, 21-cr-00009 (S.D. Tex. 2021). ECF 40 at 4, n.2. How it relates to the California indictment is unknown.

ECF 14-2. Acting on the property's behalf as its authorized representative is Carl Linnecke ("Linnecke"). ECF 14-3. Linnecke verified both the Claim and the Answer (ECF 17) to the civil forfeiture complaint.

Plaintiff now moves to strike those two pleadings. Plaintiff contends that Linnecke lacks sufficient legal authority to act as Claimant's representative. Without a properly authorized representative, Plaintiff argues that Claimant lacks the standing necessary to assert its claim to the property *res*.

## III.    Relevant Facts

The Court recounts the relationship between Claimant and 121 Ash Road as portrayed in the existing record. That record consists of the Complaint (ECF 1), Plaintiff's Motion, and the Motion's attachments as well as what Claimant describes in its Answer, Response (ECF 36), and the Response's attachments, including Tamine's Declaration. The Court also takes into consideration the statement of undisputed facts at Section 4 of the Scheduling Order. ECF 32 at 2-3. The Court assumes the below background as true for present purposes.

Claimant is wholly owned and managed by Henke Holdings, LLC. Both entities were formed on September 7, 2005 at Brockman's direction. Linnecke assisted with their incorporation. Henke Holdings, LLC in turn is wholly owned by Regency. As of July 20, 2011, Tamine was Henke Holdings, LLC's sole manager and member, although there is indication that Peter Poole ("Poole") also served as Henke Holdings, LLC's manager. Claimant bought 121 Ash Road at the direction of Tamine and Poole. Claimant's business address is in the British Virgin Islands.

Linnecke acts on Claimant's behalf in two respects. First, Linnecke has been the designated registered agent for both Claimant and Henke Holdings, LLC since April 2007. Second, he serves as its property manager. To enable him to perform those managerial duties, Tamine appointed

Linnecke to serve as Claimant's agent "for the purpose of managing, operating and developing [the real property that Claimant owns in Colorado]." ECF 33-3 at 1. That Appointment of Agent document gave Linnecke:

> the authority to take such action with respect thereto as he shall determine to be in the best interest of [Claimant], including, without limitation, the authority to execute such contracts, agreements and other instruments and documents as he may deem necessary or appropriate in connection with the management, operation and/or development of the Properties.

*Id*. However, Linnecke was expressly denied "the authority to sell, transfer, mortgage or take any other action affecting title to any of the Properties." *Id*. For that reason, on September 15, 2014, Tamine amended the Appointment of Agent to permit Linnecke to handle the acquisition of another parcel of real estate property. ECF 33-4.

Through Special Interrogatory No. 2, Plaintiff asked Claimant to "[i]dentify all members, managers, directors, and individual(s) who have authority to make legally and binding decisions for" Claimant during the relevant time frame. Claimant answered by identifying Henke Holdings, LLC, Regency, Linnecke, Poole, and Tamine. ECF 33-1 at 2.

"To the extent there is any question whether Mr. Linnecke is authorized to represent [Claimant] in this civil forfeiture action," Tamine submits a Declaration dated February 22, 2022 in which he "confirm[s] that Mr. Linnecke was and is authorized to act as the authorized agent of, and take all necessary actions to represent, [Claimant] in this action." ECF 36-1 at ¶ 8. In the Reply, Plaintiff says that it accepts the Declaration as a sufficient grant of authority even though much earlier, on September 28, 2018, Tamine purportedly had resigned from the Brockman entities. ECF 40 at 4.

**LEGAL STANDARD**

The Supplemental Rules for Admiralty or Maritime Claims and Civil Forfeiture Actions "(Supplemental Rules")" provides the means for a person to claim a competing interest in seized property. In turn, Suppl. R. G(8)(c)(i)(B) permits the government to strike such a claim if a claimant lacks standing. There are two kinds of standing required to assert a claim in a civil forfeiture case. The first is constitutional standing, the same which must exist to seek any form of relief in federal court. To establish it, "a claimant must have colorable ownership, possessory or security interest in at least a portion of the defendant property." *U.S. v. $31,000*, 872 F.3d 342, 348 (6th Cir. 2017). The second is the "statutory standing" requirement of Suppl. R. G(5)(a)(i) to identify the specific property, claimant, and the claimant's interest therein as well as to serve the claim on the government.

Suppl. R. G(5)(a)(i) also includes a verification requirement whereby a claimant signs the claim under penalty of perjury. In other words, the claimant must show under oath or affirmation that it has an interest in the property and is entitled to contest forfeiture. The verification requirement is of particular importance "because it helps prevent the danger of false claims in forfeiture proceedings." *$31,000*, 872 F.3d at 347, 351.

Suppl. R. G(8)(c)(i)(B) permits a motion to strike a claim when the claimant lacks standing. The government may do so in the form of either "a motion for judgment on the pleadings or as a motion to determine after a hearing or by summary judgment whether the claimant can carry the burden of establishing standing by a preponderance of the evidence." Suppl. R. G(8)(c)(ii)(B). Plaintiff does not specify which form it is using here, but it appears to be proceeding in the context of a motion for judgment on the pleadings, which means that it bases its standing argument on the pleadings. *$31,000*, 872 F.3d at 351-52.

## **DISCUSSION**

There is no dispute that Claimant has a basis for asserting ownership to 121 Ash Road (the deed to the property is in its name), and generally, it has complied with the procedural requirements. Plaintiff challenges standing on authority and verification grounds.

Because Claimant is an artificial entity, it may not represent itself. It only may act in a civil forfeiture proceeding by authorizing an agent to sign for it. *U.S. v. ADT Security Servs., Inc*., 522 F. App'x 480, 490 (11th Cir. 2013). Linnecke is serving in that role here.

In its Reply, Plaintiff seems to accept Claimant's demonstration of how Linnecke has authority to act on its behalf in this civil forfeiture action. Plaintiff still disputes whether Linnecke's status as Claimant's registered agent alone conveys actual authority, but even if Plaintiff is correct on that particular point, Linnecke has a greater relationship with Claimant. Linnecke has acted on Claimant's behalf in several different ways that predate the instant civil forfeiture proceeding. Moreover, he has done so over a prolonged period of time. Although Plaintiff accepts Tamine's Declaration as a sufficient display of actual authority, the Court adds that upon independent review, the record confirms an established relationship between Linnecke and Claimant.

In his role as Claimant's agent, Linnecke affirms that the information provided in support of the claim "is true and correct to the best of [his] knowledge and belief." ECF 14-3. In his verification of the Answer, he similarly declares under penalty of perjury that "the matters contained in [it] are true to the best of [his] knowledge, information, and belief." ECF 17 at 19. Plaintiff next challenges whether Linnecke has sufficient actual knowledge of underlying matters to make that verification. Plaintiff points to the Answer in which Claimant denies the ability to admit or deny certain allegations found in the Complaint (such as Claimant's receipt of money used to purchase 121 Ash Road.).

The Court sees an insufficient basis on the current record to question the soundness of the subject pleadings' verification. Plaintiff does not adequately support its burden to show that Linnecke fails short of any particular verification standard. Plaintiff cites *U.S. v. $4,278*, No. 12-10253, 2014 WL 3420774, at *5 (E.D. Mich. July 14, 2014) for the proposition that a corporation's oath requirement must be made by an agent with personal knowledge of the subject. That case in turn relies on *U.S. v. $267,961.07*, 916 F.2d 1104, 1108 (6th Cir. 1990) which looked to Michigan law, the forum state, for what constitutes proper verification. Michigan has a specific rule that expressly addresses how to verify a pleading: either (1) by oath or affirmation of a person knowledgeable of the facts pleaded or (2) by declaration that the statements are true to the best of the person's information, knowledge, and belief. *Id*. (citing Mich. Rule of Court 2.114(A)). Plaintiff does not define verification under Colorado law, nor does it provide a substantive discussion of how Linnecke's act of verification is legally defective. It does not explain how the denials in the Answer alone render the verifications unreliable in a way that defeats statutory standing.

## CONCLUSION

Plaintiff concludes its Reply by conceding that "Mr. Linnecke appears to have authority at this time" based on Tamine's Declaration. ECF 40 at 9. Presumably that renders the Motion moot. However, to the extent Plaintiff does continue to dispute Claimant's standing on some basis, the Court finds after independent consideration no standing or verification impediment, at least on the basis of the present record and arguments. Therefore, the Court resolves the present dispute in Claimant's favor. However, Claimant remains obligated to provide a representative who is knowledgeable and has the authority to defend its interest in the property with binding effect for any other discovery or litigation purpose.

Accordingly, the Motion to Strike Claim [filed January 19, 2022; ECF 33] is **denied**.

Entered and dated at Denver, Colorado, this 10th day of March, 2022.

BY THE COURT:

Michael E. Hegarty
United States Magistrate Judge