**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 21-cv-00796-MEH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

1. 121 ASH ROAD, BASALT, COLORADO,
2. APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK
   ACCOUNT #509951,

      Defendants.

---

## AMENDED SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL

Date of the Status Conference:      Monday, January 30, 2023 at 1:30 p.m.

Appearances:

| | |
|---|---|
| Plaintiff United States: | Tonya S. Andrews<br>Assistant United States Attorney<br>Laura B. Hurd<br>Assistant United States Attorney<br>United States Attorney's Office<br>1801 California Street, Suite 1600<br>Denver, CO 80202<br>Phone: (303) 454-0100<br>Email: Tonya.Andrews@usdoj.gov<br>Laura.Hurd@usdoj.gov |
| Claimant Henke Property LLC: | Clifford B. Stricklin<br>King & Spalding LLP-Denver<br>1401 Lawrence Street, Suite 1900<br>Denver, CO 802020<br>Phone: (720) 535-2327<br>Email: cstricklin@kslaw.com |

| Claimant Edge Capital Investments Ltd.: | Branden D. Lewiston<br>Aegis Law Group LLP<br>801 Pennsylvania Avenue NW<br>Market Square West Suite 740<br>Washington DC 20004<br>Phone: (202) 737-3500<br>Email: blewiston@aegislawgroup.com |
|---|---|

## 2. STATEMENT OF JURISDICTION

The United States asserts jurisdiction and venue in this case pursuant to 28 U.S.C. §§ 1345 and 1355.

## 3. STATEMENT OF CLAIMS AND DEFENSES

*a.    Plaintiff:*

The United States seeks forfeiture of defendant 121 Ash Road, Basalt, Colorado (defendant 121 Ash Road) and defendant approximately $77,888,782.61 held and frozen in Mirabaud account #509951 (defendant Mirabaud account #509951), pursuant to 18 U.S.C. §§ 981(a)(1)(A) and 981(a)(1)(C), as property traceable to and/or involved in violations of 18 U.S.C. §§ 1343, 1344, 1956, and 1957.

*b.    Claimant Henke Property LLC:*

Henke is the rightful owner of defendant 121 Ash Road. *See* Notice of Claim, ECF No. 14. Henke purchased the property in December 2010, and a Special Warranty Deed was filed in Eagle County, Colorado, on December 28, 2010, reflecting Henke's ownership interests in 121 Ash Road. *See id.*

*c.    Claimant Edge Capital Investments, Ltd.:*

Edge Capital Investments Ltd. ("Edge") is the owner of defendant Mirabaud account #509951.  Edge disputes the funds held and frozen in defendant Mirabaud account #509951 are property traceable to and/or involved in violations of 18 U.S.C. §§ 1343, 1344, 1956, and 1957.

## 4.  UNDISPUTED FACTS

*The following facts are undisputed:*

1.      Venue is proper and the Court has jurisdiction pursuant to 28 U.S.C. §§ 1345 and 1355 as to Henke.  Edge reserves the right to deny jurisdiction and/or venue in its Answer.

2.      Defendant 121 Ash Road was purchased for $5,000,000.00 in December 2010.

3.      Defendant 121 Ash Road is titled to Henke Property LLC.

4.      Evatt Tamine is the manager of Henke Property LLC.

5.      Evatt Tamine gave direction relating to the purchase and improvements to defendant 121 Ash Road.

6.      Henke Property LLC is 100% owned by Henke Holdings LLC.

7.      Henke Property LLC and Henke Holdings LLC were formed in Colorado on September 7, 2005.

8.      Regency Management Ltd. is the sole director of Henke Holdings LLC.

9.      From May 25, 2011 through August 27, 2014, there were at least 28 wire transfers, totaling at least $10,550,000.00 from Regency Management's Bermuda Commercial Bank account #06-801-200717-01 to Henke Property LLC's Wells Fargo account #9042-018029.  Improvements to defendant 121 Ash Road were paid for with these funds.  Brockman frequently used defendant 121 Ash Road during the summer.

## 5.  COMPUTATION OF DAMAGES

a.      The relief sought by the United States is an Order of Forfeiture forfeiting

defendant 121 Ash Road and defendant Mirabaud account #509951 to the United States to be

disposed of in accordance with law.

b.      The relief sought by Claimant Henke Property LLC is that Plaintiff take nothing

by way of its Complaint, and that Henke recover its attorneys' fees, costs, and pre- and post-

judgment interest pursuant to applicable law (including but not limited to 28 U.S.C. § 2465), and

such other and further relief as the Court may deem just and proper.

c.      The relief sought by Claimant Edge Capital Investments Ltd. is the government

take nothing by way of its Complaint, that Edge recover its attorneys' fees, costs, and pre- and

post-judgment interest pursuant to applicable law (including but not limited to 28 U.S.C. §

2465), that Defendant Funds be released from seizure, that the government be ordered to request

that the Swiss authorities vacate their restraining order, and such other and further relief as the

Court may deem just and proper.

## 6.  REPORT OF PRECONFERENCE DISCOVERY AND
## MEETING UNDER FED. R. CIV. P. 26(f)

a.      *Date of Rule 26(f) meeting:*

The Rule 26(f) requirements are inapplicable to this civil forfeiture action *in rem* arising

from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).  Nonetheless, the parties conferred on

January 17, 2023.

b.      *Names of participants and party they represent:*

Tonya S. Andrews and Laura B. Hurd represent the United States.

Cliff Strickland represents Claimant Henke Property LLC.

Branden D. Lewiston represents Claimant Edge Capital Investments Ltd.

*c.    Statement as to when Rule 26(a)(1) disclosures were made or will be made:*

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture *in rem* action arising

from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

*d.    Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P.*
*26(a)(1):*

Rule 26(a)(1) requirements are inapplicable to this civil forfeiture *in rem* action arising

from a federal statute. Fed. R. Civ. P. 26(a)(1)(B)(ii).

*e.    Statement concerning any agreements to conduct informal discovery:*

The United States, Claimants Henke Property LLC, and Edge Capital Investments Ltd.

have agreed to conduct some initial informal discovery.  The parties remain open to conducting

informal discovery, such as joint interviews with potential witnesses.

*f.    Statement concerning any other agreements or procedures to reduce discovery and other*
*litigation costs, including the use of a unified exhibit numbering system:*

The parties have agreed to cooperate in order to reduce the costs of litigation and

expedite the just disposition of the case, including the use of a unified exhibit numbering system.

*g.    Statement as to whether the parties anticipate that their claims or defenses will involve*
*extensive electronically stored information, or that a substantial amount of disclosure or*
*discovery will involve information or records maintained in electronic form:*

The parties believe there is an extensive amount of electronically stored information that

will be disclosed in this case.

The United States has numerous documents, records, and evidence gathered as part of the

underlying investigation.  The majority of such evidence has been stored electronically. The United States

is prepared to provide such electronic evidence through a thumb-drive, and/or electronic cloud system,

such as USA fx.  The parties have taken methods to preserve the electronically stored information (ESI) related to the claims set forth in the complaint.  The parties have agreed to use key word search terms to search any large sets of ESI.  The parties have agreed to produce ESI in the form in which it is ordinarily maintained or in a reasonably usable form.  The parties intend to request metadata in relation to the creation of certain business documents and will requests this ESI be produced as static images with an accompanying load file(s) containing relevant extracted metadata fields.  The parties will consult regarding the potential for any inaccessible ESI in this case.

The parties further agree to reduce duplication in production, such that any requested ESI need not include earlier email strings encompassed in final email, attachments or documents otherwise provided, duplicates, and attorney-client communication.  The parties agree that these types of documents need not be logged on a document-by-document basis and may be more generally logged as a defined range of documents in the privilege log.  The parties further agree to consult regarding any discovery disputes that arise in relation to this paragraph prior to filing discovery motions.

h.     *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case:*

The United States and Claimant Henke Property LLC have discussed potential settlement and remain open to discussing the possibilities for a settlement or resolution of the case by alternate dispute resolution.  The United States and Claimant Edge Capital Investments Ltd. have engaged in initial settlement discussions and also remain open to discussing the possibilities for settlement or resolution of the case by alternative dispute resolution.

**7.  CONSENT**

6

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a.     *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules:*

The parties agree to 15 depositions per party.  The parties are amenable to additional depositions upon showing of good cause.  The parties agree that each party may serve on each other party 25 interrogatories.

b.     *Limitations which any party proposes on the length of depositions:*

Each deposition will be limited to one day of seven (7) hours.

c.     *Limitations which any party proposes on the number of requests for production of documents and/or requests for admissions:*

The parties agree that each party may serve 25 requests for production of documents and 25 requests for admission on each other party.

d.      *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

Written discovery shall be served at least 35 days prior to close of discovery.

e.     *Other Planning or Discovery Orders:*

The parties further agree to the entry of a Fed. R. Evid. 502 Order and protective order regarding documents disclosed during discovery and non-disclosure to third parties.

Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov.  *See* Fed. R. Civ. P. 16, cmt. 2015 Amend.  The Court will determine at the conference whether to grant the movant leave to file the motion.

## 9. CASE PLAN AND SCHEDULE

a.      *Deadline for Joinder of Parties and Amendment of Pleadings:* **May 3, 2023**

b.      *Fact Discovery Cut-off:* **July 31, 2023**.

c.      *Expert Discovery Cut-off*: **November 30, 2023**

d.      *Dispositive Motions Deadline:* **December 1, 2023**

e.      *Expert Witness Disclosure*

   1.      The parties shall identify anticipated fields of expert testimony, if any.

      a)      United States: Money Laundering techniques, financial expert, forensic accounting, organizational structures.

      b)      Claimant Henke LLC: Forensic accountant, financial expert.

      c)      Edge Capital Investments Ltd.: Forensic accountant, financial expert.

   2.      Limitations which the parties propose on the use or number of expert witnesses. The parties agree on two experts per party without leave of court.

   3.      The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **September 29, 2023**.

   4.      The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **October 30, 2023**.

f.      *Identification of Persons to be Deposed:*

| Person to be Deposed | Date of Deposition | Time of Deposition | Length of Deposition |
|---|---|---|---|
| Carl Linnecke | TBD | TBD | TBD |
| Henke Property LLC Representative | TBD | TBD | TBD |
| Henke Holdings LLC Representative | TBD | TBD | TBD |
| Regency Management Ltd. Representative | | | |

| | | | |
|---|---|---|---|
| Edge Capital Investments Ltd Representative | | | Per FRCP 30 |
| Evatt Tamine | | | Per FRCP 30 |
| Michael Henry, Managing Director- Deutsche Bank | TBD | TBD | Per FRCP 30 |
| Other employees of Deutsche Bank | TBD | TBD | Per FRCP 30 |
| IRS Agents | TBD | TBD | Per FRCP 30 |
| Employees of Reynolds & Reynolds | TBD | TBD | Per FRCP 30 |
| Robert Smith | TBD | TBD | Per FRCP 30 |
| Representatives of Bermuda Commercial Bank | TBD | TBD | Per FRCP 30 |
| Representatives of Mirabaud | TBD | TBD | Per FRCP 30 |
| Representatives involved in the purchase of 121 Ash Road | TBD | TBD | Per FRCP 30 |

## 10.  DATES FOR FURTHER CONFERENCES

a.      Status conferences will be held in this case at the following dates and times:

b.      A final pretrial conference will be held in this case on **a date to be set** upon request of

the parties.  A Final Pretrial Order shall be prepared by the parties and submitted to the

court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a.      *A statement of those discovery or scheduling issues, if any, on which counsel after a*

*good-faith effort, were unable to reach an agreement:*

None.

b.      *Anticipated length of trial and whether trial is to the court or jury:*

United States: Three-week trial to a jury.  Henke: Henke believes a 5-day jury trial is

sufficient.  Edge Capital Investments Ltd: Edge anticipates two-to-three week trial.

c.   *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, LaPlata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango Colorado 81301:*

None.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended upon a showing of good cause.

Entered  January 30, 2023, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

APPROVED:

s/ *Tonya S. Andrews*
Tonya S. Andrews
Assistant United States Attorney
United States Attorney's Office
1801 California Street, Suite 1600
Denver, CO 80202
Phone: (303) 454-0100
Email: tonya.andrews@usdoj.gov
*Attorney for Plaintiff United States*


s/ *Clifford B. Stricklin*
Clifford B. Stricklin
King & Spalding LLP-Denver
1401 Lawrence Street, Suite 1900
Denver, CO 80202
Phone: (720) 535-2327
Email: cstricklin@kslaw.com
*Attorney for Claimant Henke Property LLC*

s/ *Branden D. Lewiston*
Branden D. Lewiston
Aegis Law Group LLP
801 Pennsylvania Avenue NW
Market Square West Suite 740
Washington DC 20004
Phone: (202) 737-3500
Email: blewiston@aegislawgroup.com
*Attorney for Claimant Edge Capital Investments Ltd.*