IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-CV-00796-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.    121 ASH ROAD, BASALT, COLORADO;
2.    APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK ACCOUNT #509951,

        Defendants.
_____

**UNOPPOSED MOTION FOR A PROTECTIVE ORDER TO GOVERN THE RELEASE OF SENSITIVE, CONFIDENTIAL, AND NONPUBLIC INFORMATION**
_____

COMES NOW the United States of America (the "United States"), by and through United States Attorney Cole Finegan and Assistant United States Attorney Tonya S. Andrews, and respectfully moves this Court for a protective order, pursuant to Fed. R. Civ. P. 26(c), preventing the unauthorized disclosure or dissemination of certain sensitive confidential information, to be produced in discovery. In support thereof, the United States submits the following:

**I.**     **Procedural Background**

1.    On October 1, 2020, a grand jury returned an indictment charging Robert T. Brockman with violations of 18 U.S.C. § 371 (Conspiracy to Defraud the United States and Commit Tax Evasion), 26 U.S.C. § 7201 (Tax Evasion), 31 U.S.C. §§ 5314 and 5322(b) (FBAR Violations), 18 U.S.C. § 1343 (Wire Fraud Affecting a Financial Institution), 18 U.S.C. § 1956(a)(1)(B)(i) (Concealment Money Laundering), 18 U.S.C. § 1956(a)(1)(A)(ii) (Tax Evasion Money Laundering), 18 U.S.C. § 1956(a)(2)(B)(i)

1

(International Concealment Money Laundering), 18 U.S.C. § 1512(b)(2)(B) (Evidence Tampering), and 18 U.S.C. § 1512(c)(1) (Destruction of Evidence).  *See* Indictment, *United States v. Brockman*, 4:21-cr-00009-1 (S.D. Tex. 2021), ECF Doc. 2.  In part, the Indictment alleges that Mr. Brockman engaged in a long-term conspiracy in which he used a complex network of offshore entities, nominees, and secret foreign bank accounts to conceal income he earned through fraudulent activity, the proceeds of which were used to make improvements to defendant 121 Ash Road property and to fund the defendant Mirabaud bank account.

2. On September 7, 2022, Mr. Brockman's death certificate was filed in his criminal case.  *See* Unopposed Motion to Dismiss, *Brockman*, 4:21-cr-00009-1 (S.D. Tex. 2021), ECF Doc. 289, Exhibit A.  On September 7, 2022, the Indictment was dismissed based on his death.  *See id*. at ECF Doc. 290.

3. On September 30, 2022, the United States filed Notice of Mr. Brockman's death.  ECF Doc. 47.

4. After the death of Mr. Brockman, the parties have been in discussions related to the discovery process and a protective order.  The parties have discussed and agreed upon the terms of the attached proposed protective order.  Accordingly, the agreed upon proposed protective order attached to this motion is unopposed.

**II.    Legal Analysis**

Under Federal Rule of Civil Procedure 26(c), a Court may issue a protective order regarding discovery for good cause "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (citation omitted).  A protective order may also be

issued to prevent parties from the disclosure of sensitive information obtained in discovery to third parties.  *Id*.  Protective orders of this nature routinely minimize the necessity for judicial intervention in dealing with discovery materials.  *See Gillard v. Boulder Valley School Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

In determining whether good cause exists to enter a protective order when the only issue is dissemination to the public, and not the opposing party, "the sole consideration is the harm that may result from making [the information] public." *Fourhorn v. City and County of Denver*, 261 F.R.D. 564, 568 (D. Colo. 2009).

Here, a protective order is necessary as documents potentially subject to discovery in this matter contain sensitive and confidential information.  The confidential information includes personal identifying information of third parties (i.e., dates of birth, social security numbers, home addresses, and taxpayer-identification numbers), financial documents, tax information, medical information, and other information.   As part of this civil forfeiture action, bank account information, financial records, tax records, medical records, personally identifiable information, and other confidential information could be disclosed in discovery.  Redaction of this sensitive information is impracticable because it would prevent disclosure of information relevant to the case and would unnecessarily complicate the review of discovery, which contains terabytes of data.

Protective orders issued "pursuant to Rule 26(c) are common in litigation to protect sensitive information exchanged during the course of discovery, particularly when the documents reflect confidential financial information." *Landco Equity Partners, LLC v. City of Colorado Springs, Colo.*, 259 F.R.D. 510, 515 (D.Colo.2009).  Given the

sensitive nature of these documents, parties have specific privacy interests in their personal and business tax records. *Scott v. Antero Res. Corp.*, No. 1:17-CV-00693-WJM-SKC, 2020 WL 7212169, at *2 (D. Colo. Feb. 6, 2020) (citing *Carbajal v. Warner*, 561 F. App'x 759, 764 (10th Cir. 2014) (acknowledging plaintiff's privacy interest in his tax records, social security number, and birth date)). It is, therefore, necessary to obtain a protective order to prevent the disclosure of financial account records and personally identifiable information contained therein to third parties.

In addition to financial records, under 26 U.S.C. § 6103, income tax returns and tax information must remain confidential. Because financial and tax information has been "characterized as confidential and is intended to remain so," courts routinely find that potential harm resulting from the disclosure of such information exists. *F.D.I.C. v. Broom*, No. 12-CV-03145-PAB-MEH, 2013 WL 3381353, at *3 (D. Colo. July 8, 2013) (citation and punctuation omitted).

The Health Insurance Portability and Accountability Act of 1996 ("HIPAA") also prohibits unauthorized disclosures or misuse of protected health information by covered entities. *Paliwoda v. Showman*, No. 12-2740-KGS, 2013 WL 3756591, at *1 (D. Kan. July 15, 2013). Given the potential for harm resulting from misuse of protected health information, medical records fall within the scope of confidential documents under Fed.R.Civ.P. 26(c), which are routinely addressed through the entry of an appropriate protective order. *Morris v. City of Colorado Springs*, No. 09-CV-01506-PAB-MEH, 2009 WL 4927618, at *1 (D. Colo. Dec. 18, 2009).

In addition, in order to comply with the statutes, regulations, and rules pertaining to the disclosure of personal identifying information, including Federal Rule of Civil

4

Procedure 5.2 and the Privacy Act of 1974, a protective order is necessary to avoid disclosure of this information to third-parties or the public.

Moreover, certain documents and information may be subject to protection under statute or rule.  For example, grand jury materials may be disclosed as part of this case, subject to a separate court order by the Court presiding over the related grand jury and this Court.  *See United States ex rel. Woodard v. Tynan*, 757 F.2d 1085, 1088-89 (10th Cir.), *on reh'g*, 776 F.2d 250 (10th Cir. 1985) (explaining the procedures for disclosure of grand jury materials).  These documents should be treated as Confidential Information for purposes of this litigation and subject to a protective order.

As set forth in the proposed protective order, the parties have defined Confidential Information "as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use are restricted by statute, rule, or could potentially cause harm to the interests of the disclosing party or nonparties."  The proposed protective order also provides that "Confidential Information" would be limited to, "confidential investigative materials, confidential financial and tax information of parties and non-parties, documents or information subjection to protection under statute or rule, and confidential medical records."

Finally, Federal Rule of Evidence 502 pertains to the disclosure of a communication or information covered by the attorney-client privilege or work product protection.  Pursuant to Federal Rule of Evidence 502(d), "[a] federal court may order that the privilege or protection is not waived by disclosure connected with the litigation

5

pending before the court – in which event the disclosure is also not a waiver in any other federal or state proceeding." Despite taking reasonable steps to prevent disclosure, it is possible that given the volume and nature of discovery being produced that documents, electronically stored information, or other information that would be deemed attorney-client privileged and/or protected work-product could be inadvertently disclosed. Wherefore, the parties seek to include in the proposed protective order that privilege or protection of attorney-client and work product is not waived by disclosure related to this pending litigation under Federal Rule of Evidence 502(d).

Accordingly, the Government requests protection of Confidential Information as defined, herein, as well as protection from the inadvertent disclosure of attorney-client and work product, as set forth in the attached proposed protective order to which the parties have agreed.

Rule 26(c) of the Federal Rules of Civil Procedure gives the Court broad authorization to issue an appropriate protective order governing discovery for good cause shown. Given the sensitive and confidential nature of the information present throughout the discovery in this case, there is good cause for the Court to issue the attached proposed protective order.

Pursuant to D.C.COLO.LCivR 7.1, counsel for the United States has conferred with counsel for claimants on the subject of this motion, who do not object to the relief requested herein.

DATED this 8th day of February 2023.

Respectfully submitted,

6

COLE FINEGAN
United States Attorney

By: s/ Tonya S. Andrews
Tonya S. Andrews
Assistant U.S. Attorney
U.S. Attorney's Office
1801 California St., Ste 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
E-mail: tonya.andrews@usdoj.gov
*Attorney for the United States*

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February 2023, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notice to all counsel of record and true copies were mailed via regular and certified mail to:

s/Sheri Gidan
FSA Paralegal
U.S. Attorney's Office

7