IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 21-cv-00796-MEH

UNITED STATES OF AMERICA,

        Plaintiff,

v.

    1.      121 ASH ROAD, BASALT, COLORADO,
    2.      APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK ACCOUNT #509951,

        Defendants.

## ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Claimant Edge Capital Investments, Ltd. ("Claimant") has filed a Motion to Dismiss Verified Complaint for Forfeiture *in Rem*. ECF 54. The Motion alleges that the Complaint fails to adequately plead that the Defendant Funds "were themselves involved in or traceable to proscribed conduct." Motion at 1.

In this action for civil forfeiture *in rem*, the United States seeks forfeiture of Defendant funds traceable to and/or involved in violations of 18 U.S.C. §§ 1343, 1344, 1956, and 1957. The Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions apply to such a case. Under those rules, the Complaint must

> (a) be verified; (b) state the grounds for subject-matter jurisdiction, in rem jurisdiction over the defendant property, and venue; (c) describe the property with reasonable particularity; (d) if the property is tangible, state its location when any seizure occurred and—if different—its location when the action is filed; (e) identify the statute under which the forfeiture action is brought; and (f) state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial.

Rule G(2). Courts have stated, and the parties agree, that these rules impose a pleading standard that is "heightened" from the normal Rule 12(b)(6) analysis. *E.g.*, *United States v. $39,000 In Canadian Currency*, 801 F.2d 1210, 1218 (10th Cir. 1986) ("The drastic nature of admiralty and forfeiture remedies requires heightened protections not present in general civil practice.").

Putting the complex allegations of fraud alleged in the Complaint aside, in simple terms, with regard to Defendant funds, the Complaint alleges that:

(1) in April 2013, an account belonging to Edge Capital Investment, Ltd. (Edge) at Mirabaud Bank (number 509951) received a wire transfer of $80,000,000.00 from Edge's Bermuda Commercial Bank account (number 0680120070301);

(2) the transfer described in (1) contained approximately $33,869,037.73 in proceeds attributable to criminal fraud;

(3) in November 2014, Edge made another transfer to the Mirabaud Bank account of $15,000,000.00 in proceeds attributable to criminal fraud and $30,000.000.00 traceable to money laundering;

(4) in October 2018, the Mirabaud Bank account had over $125,000,000.00 "sourced to Edge";

(5) in June 2019 the Mirabaud Bank account had over $129,000.000.00 in it;

(6) the amounts in (2) and (3) "continued to be invested in general interest-earning investment vehicles"; and

(7) approximately $48,869,037.73 (*i.e.*, the amount in (2) combined with the $15,000,000.00 in (3)) in the Mirabaud Bank account was "proceeds directly traceable to the . . . fraud scheme"; and

(8) at least the $30,000,000.00 from (3) were traceable to money laundering.

Complaint ¶¶ 106-111.

Because the United States does not identify any more transactions in and out of the account, it appears to rely on an *ipso facto* theory that the existence of those enumerated funds from the 2013 and 2014 transfers, in light of the large amount of money still sitting in the Mirabaud Bank account at the time of the October 2020 seizure warrant, means, therefore, that the account contained funds traceable to the illegal conduct.

I understand the impetus for the current Motion. The Complaint does not allege the simple correlation between illegal proceeds being *deposited* at one time, and those same illegal proceeds *still sitting* in the account, six years later. In other words, the Complaint does not state in plain terms that the moneys the United States seized were traceable to those initial deposits. In its essence, the Complaint alleges that significant eight-figure deposits were made into the account; several years later the accounts had significant nine-figure balances; and several years after that the account still had at least the approximate amount of money the United States contends is subject to forfeiture. But does that render the case dismissible under Rule 12(b)(6)? The answer is no.

Applying the law, Claimant emphasizes subsection (f) of Rule 2(G). Claimant first cites caselaw addressing the United States' ultimate burden in prevailing at trial (or summary judgment) on its forfeiture claims (*e.g.*, proving the defendant property itself is traceable to a proscribed transaction, citing *U.S. v. Contents in Account No. 059-644190-69*, 253 F. Supp. 2d 789, 792 (D. Vt. 2003)). But, of course, the Government's ultimate burden at trial does not define its pleading requirement.

The caselaw Claimant cites concerning the pleading requirement is more apropos. For example, Claimant notes the "Government must at a minimum allege a plausible connection between the underlying offenses and the relevant property . . ." *U.S. v. Any and All Ownership*

3

*Interest Held in the Name, On Behalf or For the Benefit of Joseph Taub*, Civil Action No. 16-9158 (JMV)(JBC), 2020 WL 278762, at *9 & *11 (D.N.J. Jan. 16, 2020). The Complaint alleges an amount of money that existed in the Mirabaud Bank account in 2014, greater amounts that existed in 2018 and 2019, and obviously that more than $77,000,000.00 still existed in October 2020. There is no allegation that the account was ever drained, or even that it fell below $77,000,000.00 at any relevant time. Thus, is it plausible, reading the Complaint, that the account still contained the illegal proceeds as of October 2020? I find it is plausible. Claimant also notes that, stated differently, the Government must plead "a connection between the seized property and the predicate acts at the complaint stage." *U.S. v. One Partially Assembled Drag Racer*, 899 F. Supp. 1334, 1341 (D.N.J. 1995). Again, I find that the Government has pleaded that connection, albeit not artfully. Further, "at the pleadings stage, the government must allege facts from which one could infer that the payments claimed to be proceeds actually were tainted." *U.S. v. Pole No. 3172, Hopkinton*, 852 F.2d 636, 640 (1st Cir. 1988). So "infer" is thrown together with "plausible" and "connection." I find they all are satisfied here. Finally, the Complaint must state specific facts "supporting traceability," *see, e.g., United States v. Approximately $25,829,681.80 in Funds*, No. 98 Civ. 2682 (LMM), 1999 WL 1080370, at *7 (S.D.N.Y. Nov. 30, 1999), *aff'd,* 56 Fed. Appx. 40 (2nd Cir. 2003), but need not plead all facts "demonstrating full tracing of all account activity," *U.S. v. All Assets Held in Acct. No. XXXXXXX*, 83 F. Supp. 3d 360, 379 (D.D.C. 2015). This Complaint meets that requirement.

On the facts contained in the Complaint alone, I would not permit a jury to render a verdict for the United States. The Government will have to carefully trace the forfeitable proceeds to the moneys it seized. One aft-cited principle is that "'the Government's forfeiture claim can advance

4

forward in the face of a . . . motion to dismiss even if the Government's complaint does not provide all the facts that would allow the Government to ultimately succeed in the forfeiture proceeding.'" *E.g., U.S. v. $32,920.00 in United States Currency*, No. 2:20-CV-00137-DCN, 2021 WL 825654, at *3 (D.S.C. Mar. 4, 2021) (quoting *U.S. v. 630 Ardmore Drive*, 178 F. Supp. 2d 572, 581 (M.D.N.C. 2001)). I do find the Complaint "allege[s] enough facts so that the claimant may understand the theory of forfeiture, file a responsive pleading, and undertake an adequate investigation." *U.S. v. One Gulfstream G-V Jet Aircraft*, 941 F. Supp. 2d 1, 14 (D.D.C. 2013).

Finally, of course, the heightened pleading requirement of Rule 2(G) does not negate the black letter law that I must "accept a complaint's well-pleaded allegations as true, viewing all reasonable inferences in favor of the nonmoving party, and liberally construe the pleadings." *C1.G on behalf of C.G. v. Siegfried*, 38 F.4th 1270, 1276 (10th Cir. 2022). "To survive a motion to dismiss, the complaint must allege sufficient facts to state a claim for relief plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This Complaint does this.

For these reasons, Claimant's Motion to Dismiss Verified Complaint for Forfeiture in Rem [filed January 6, 2023; ECF 54] is denied.

Entered February 24, 2023, at Denver, Colorado.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge
