IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00796-MEH

UNITED STATES OF AMERICA,

                Plaintiff,

v.

1. 121 ASH ROAD, BASALT, COLORADO,
2. APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK
   ACCOUNT #509951

                Defendants,

and

EDGE CAPITAL INVESTMENTS, LTD.,

                Claimant.

---

## CLAIMANT EDGE CAPITAL INVESTMENTS, LTD.'S
## ANSWER AND DEMAND FOR JURY TRIAL

---

        Claimant Edge Capital Investments, Ltd. ("Edge") answers the Verified Complaint for

Forfeiture *In Rem* of Plaintiff United States of America as follows. The numbering of the below

paragraphs of this Answer correspond to the numbering of the paragraphs in the Complaint [Dkt.

No. 1].

<u>JURISDICTION AND VENUE</u>

1. Edge admits the United States has commenced this action pursuant to the civil forfeiture

    provisions of 18 U.S.C. §§ 981(a)(1)(A) and (C), seeking forfeiture of the defendant property

    based on alleged violations of 18 U.S.C. §§ 1956, 1957, 1343, and 1344.  Edge denies the

factual and legal basis for Plaintiff's claims.  Admit that this Court has jurisdiction under 28 U.S.C. §§ 1345 and 1355.

2.  Edge admits that defendant 121 Ash Road is located in Colorado.   Admit that venue is proper under 28 U.S.C. § 1395.

DEFENDANT PROPERTY

3.  a. Edge lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 3(a) and denies them on that basis.

b. Edge admits that approximately $77,888,782.61 is held and frozen in Mirabaud Bank account #509951.  Edge admits that Edge Capital Investments, Ltd. is the holder of Mirabaud Bank account #509951.   Edge admits that the approximately $77,888,782.61 is currently subject to a restraining order issued by Swiss authorities at the request of the United States. Edge denies the remaining allegations in Paragraph 3.

FACTUAL BASIS FOR FORFEITURE

4.  No answer is required regarding Paragraph 4 of the Complaint because it does not set forth any allegations that require a response.

BACKGROUND OF INVESTIGATION

5.  Edge admits the allegations of Paragraph 5.

6.  Edge admits that Brockman was, at certain points in time prior to his death, founder and CEO of Universal Computer Systems Holdings, Inc., and CEO of Reynolds & Reynolds and Dealer Computer Services, Inc.  Edge denies that Brockman was the founder or CEO of Spanish Steps. Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 6, and denies them on that basis.

7. Edge admits that Brockman spent time in Aspen, Colorado.  Edge admits that a residence, known as Mountain Queen, is located just outside of downtown Aspen.  Edge states that, to the extent Paragraph 7 contains legal conclusions, including "resides", "Brockman's Aspen residence," or "Brockman's personal jet," no answer is required, but if an answer is required, Edge denies the legal conclusions contained in Paragraph 7.  Edge further states that, insofar as the allegations in Paragraph 7 refer or rely upon flight log records, Edge respectfully refers the Court and the parties to those records, which speak for themselves, and to the extent that any allegations in Paragraph 7 are inconsistent with those records, they are denied.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 7, and denies them on that basis.

8. Edge admits that Tamine is an Australian national.  Edge states that, to the extent Paragraph 8 contains legal conclusions, including "currently resides," no answer is required, but if an answer is required, Edge denies the legal conclusions contained in Paragraph 8.  Edge admits that various documents list Tamine as the trustee, director, or manager of various entities.  Edge states that, insofar as the allegations in Paragraph 8 refer or rely upon documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 8 are inconsistent with those records, they are denied.   Edge states that, to the extent Paragraph 8 contains legal conclusions, no answer is required, but if an answer is required, Edge denies the legal conclusions contained in Paragraph 8.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 8, and denies them on that basis.

9. Edge admits that Spanish Steps Holdings, Ltd. is a British Virgin Islands-based entity owned by the A. Eugene Brockman Charitable Trust.  Edge admits that Spanish Steps Holdings, LLC,

also owned by the A. Eugene Brockman Charitable Trust, controls and holds all shares of Spanish Steps Holdings, Ltd.  Edge denies that the Director of Spanish Steps is Evatt Tamine. Edge denies the remaining allegations in Paragraph 9.

10. Edge admits that Universal Computer Systems was founded by Brockman and is or was approximately 93% owned by Spanish Steps.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 10, and denies them on that basis.

11. Edge admits that Reynolds & Reynolds was acquired by Universal Computer Systems in 2006. Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 11, and denies them on that basis.

12. Edge admits that Edge is registered in Nevis. Edge admits that Tamine is the director of Edge. Edge admits that original funds for Edge came from Computer Terminals, Ltd., a defunct Cayman Islands-based company.  Edge states that, to the extent Paragraph 12 contains legal conclusions, including "actual ownership interest", "Brockman-owned entity," "set up . . . by", no answer is required, but if an answer is required, Edge denies the legal conclusions contained in Paragraph 12.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 12, and denies them on that basis.

13. Edge denies that Point Investments Ltd. is "similar" to Edge in the manner alleged.  Edge admits that Point Investments, Ltd. was set up in the British Virgin Islands and that it was moved to Bermuda in 2008 or 2009.  Edge states that, insofar as the allegations in Paragraph 13 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 13 are inconsistent with those records, they are denied.  Edge states that, to the

extent Paragraph 13 contains legal conclusions, including "actual ownership interest", no answer is required, but if an answer is required, Edge denies the legal conclusions contained in Paragraph 13.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 13, and denies them on that basis.

14. Edge admits that Don Jones was the former CFO of Universal Computer Systems and that Melissa Jones, the wife of Don Jones, has the maiden name Melissa Massengill.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 14, and denies them on that basis.

15. Edge admits that, in 2006, Reynolds & Reynolds was acquired by Universal Computer Systems, a company founded by Brockman.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 15, and denies them on that basis.

16. Edge states that, insofar as the allegations in Paragraph 16 refer or rely upon SEC filings or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 16 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in Paragraph 16, and denies them on that basis.

17. Edge lacks knowledge or information sufficient to form a belief about the truth of the allegations in Paragraph 17, and denies them on that basis.

18. Edge states that, insofar as the allegations in Paragraph 18 refer or rely upon SEC disclosures or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 18 are inconsistent

with those documents, they are denied.  Edge denies that, during this time, the director of Spanish Steps was Evatt Tamine.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 18, and denies them on that basis.

19. Edge states that, insofar as the allegations in Paragraph 19 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 19 are inconsistent with those documents, they are denied.  Edge denies that "First Lien Credit Agreement – Credit Facility = $1,377,000,000."  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 19, and denies them on that basis.

20. Edge states that, insofar as the allegations in Paragraph 20 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 20 are inconsistent with those documents, they are denied.  Edge admits that three credit agreements, dated October 26, 2006, were signed by Robert Brockman as CEO of Universal Computer Systems Holdings, Inc.  Edge admits that Universal Computer Systems Holdings, Inc. is or was the parent holding company of Dealer Computer Services, Inc. and Reynolds & Reynolds. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 20, and denies them on that basis.

21. Edge states that, insofar as the allegations in Paragraph 21 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 21 are

inconsistent with those documents, they are denied. Edge further states that Paragraph 21 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 21.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 21, and denies them on that basis.

22. Edge states that, insofar as the allegations in Paragraph 22 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 22 are inconsistent with those documents, they are denied. Edge admits that three credit agreements identified Deutsche Bank AG New York Branch as "Administrative Agent," a defined term. Edge denies the remaining allegations in Paragraph 22.

23. Edge states that, insofar as the allegations in Paragraph 23 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 23 are inconsistent with those documents, they are denied.  Edge denies that Reynolds & Reynolds was a borrower of Second and Third debt.  Edge further states that Paragraph 23 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 23. Edge denies the remaining allegations in Paragraph 23.

24. Edge denies that the Second and Third Lien Credit Agreements were "for Reynolds & Reynolds".  Edge states that, insofar as the allegations in Paragraph 24 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 24

are inconsistent with those documents, they are denied.  Edge denies the remaining allegations in Paragraph 24.

25. Edge denies that the Second and Third Lien Credit Agreements were "for Reynolds & Reynolds".  Edge states that, insofar as the allegations in Paragraph 25 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 25 are inconsistent with those documents, they are denied. Edge further states that Paragraph 25 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 25.    Edge denies the remaining allegations in Paragraph 25.

26. Edge states that, insofar as the allegations in Paragraph 26 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 26 are inconsistent with those documents, they are denied. Edge further states that Paragraph 26 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 26.    Edge denies the remaining allegations in Paragraph 26.

27. Edge denies the allegations in Paragraph 27.

28. Edge states that, insofar as the allegations in Paragraph 28 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 28 are inconsistent with those documents, they are denied.  Edge further states that Paragraph 28 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is

8

required, Edge denies the legal conclusions and characterizations contained in Paragraph 28. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and denies them on that basis.

29. Edge states that, insofar as the allegations in Paragraph 29 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 29 are inconsistent with those documents, they are denied.  Edge admits that, in the fall of 2008, Brockman and Tamine exchanged emails regarding the possibility of purchasing debt.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and denies them on that basis.

30. Edge states that, insofar as the allegations in Paragraph 30 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 30 are inconsistent with those documents, they are denied.  Edge admits that Brockman and Tamine used a secure email service.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and denies them on that basis.

31. Edge states that, insofar as the allegations in Paragraph 31 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 31 are inconsistent with those documents, they are denied.  Edge admits that, in December 2008, Brockman and Tamine exchanged emails discussing the possibility of purchasing debt on the secondary market.  Edge admits that Brockman and Tamine used a secure email service.  Edge denies that Brockman

sent Tamine email regarding his plan to repurchase debt.   Edge denies the remaining allegations in Paragraph 31.

32. Edge states that insofar as the allegations in Paragraph 32 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 32 are inconsistent with those documents, they are denied.  Edge admits that, in January 2009, Brockman and Tamine exchanged emails regarding purchasing Reynolds & Reynolds debt.   Edge denies that the emails regarded "the effect of the Reynolds & Reynolds debt purchase plan." Edge denies that, on January 8, 2009, Brockman noted that Tamine had previously commented that buying back Reynolds & Reynolds debt would be troublesome.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 32, and denies them on that basis.

33. Edge states that insofar as the allegations in Paragraph 33 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 33 are inconsistent with those documents, they are denied. Edge admits that Brockman and Tamine used a secure email service.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 33, and denies them on that basis.

34. Edge states that insofar as the allegations in Paragraph 34 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 34 are inconsistent with those documents, they are denied.  Edge admits that Brockman and Tamine used a secure email

service.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34, and denies them on that basis.

35. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and denies them on that basis.

36. Edge states that, insofar as the allegations in Paragraph 36 refer or rely upon a proposal or other documents, Edge respectfully refers the Court and the parties to those documents, which speaks for itself, and to the extent that any allegations in Paragraph 36 are inconsistent with that document, they are denied.  Edge denies that the proposal listed Deutsche Bank as one of the two largest lien holders. Edge admits the proposal listed Farallon as holding $101 million in debt but denies that it listed Deutsche Bank as holding $49 million. Edge admits that the proposal indicated Deutsche Bank believed up to $125M of face value debt was available for repurchase over the course of multiple tenders.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and denies them on that basis.

37. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and denies them on that basis.

38. Edge admits that Edge purchased Second and Third lien debt from March 5, 2009 to April 22, 2009.  Edge states that Paragraph 38 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 38.   Edge denies the remainder of the allegations in Paragraph 38.

39. Edge states that, insofar as the allegations in Paragraph 39 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak

for themselves, and to the extent that any allegations in Paragraph 39 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and denies them on that basis.

40. Edge states that insofar as the allegations in Paragraph 40 refer or rely upon an account opening application or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 40 are inconsistent with those documents, they are denied.  Edge admits that Tamine submitted to Deutsche Bank an account opening application for Edge.  Edge denies that the application was false.   Edge denies Tamine submitted the application concealing Brockman as the true beneficial owner.  Edge admits that, in the account opening memorandum, Tamine informed Deutsche Bank that his client was Edge, which had a number of shareholders, the largest of which were companies which in turn were owned by fully discretionary trusts.  Edge states that Paragraph 40 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 40.   Edge denies the remainder of the allegations in Paragraph 40.

41. Edge admits that at certain points of time, Crispin Ruffel-Smith had roles relating to the oversight of Edge.  Edge admits that Ruffel-Smith resided in the British Virgin Islands and owned a tool rental shop.  Edge admits that Ruffel-Smith signed documents.   Edge states that the remaining allegations in Paragraph 41 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 41.  Edge denies the remaining allegations in Paragraph 41.

42. Edge states that, insofar as the allegations in Paragraph 42 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 42 are inconsistent with those documents, they are denied.  Edge admits that, on or about January 26, 2009, Paul Ardire, an employee of Deutsche Bank, advised Tamine that the account could begin trading. Edge admits that Tamine informed Ardire that Edge was interested in purchasing debt of U.S. companies in the secondary market.  Edge denies that Tamine represented a Swiss family, or Swiss endowment, and denies that Tamine communicated that to Ardire.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and denies them on that basis.

43. Edge states that, insofar as the allegations in Paragraph 43 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 43 are inconsistent with those documents, they are denied.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 43, and denies them on that basis.

44. Edge states that, insofar as the allegations in Paragraph 44 refer or rely upon Tamine's 2008 employee performance review or other documents, Edge respectfully refers the Court and the parties to those documents, which speaks for themselves, and to the extent that any allegations in Paragraph 44 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 44, and denies them on that basis.

45. Edge states that, insofar as the allegations in Paragraph 45 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 45 are inconsistent with those documents, they are denied.  Edge denies that Brockman advised Tamine that they needed to make a large enough initial offer to induce Farallon Capital Management, LLC to sell their debt.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 45, and denies them on that basis.

46. Edge states that, insofar as the allegations in Paragraph 46 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 46 are inconsistent with those documents, they are denied.  Edge denies the remaining allegations in Paragraph 46.

47. Edge states that, insofar as the allegations in Paragraph 47 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 47 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 47, and denies them on that basis.

48. Edge states that, insofar as the allegations in Paragraph 48 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 48 are inconsistent with those documents, they are denied.  Edge admits that Brockman emailed Tamine to pick up $11 million of the third lien at 26.5.  Edge admits that Tamine emailed Ardire that, among other things, his clients wished to buy $11 million or $10 million at 26.5.  Edge admits these emails

preceded Edge's first contract to purchase third lien debt.  Edge denies that it purchased debt from Farallon Capital Management, LLC.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 48, and denies them on that basis.

49. Edge states that, insofar as the allegations in Paragraph 49 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 49 are inconsistent with those documents, they are denied. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 49, and denies them on that basis.

50. Edge states that, insofar as the allegations in Paragraph 50 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 50 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 50, and denies them on that basis.

51. Edge admits that, between March 9, 2009, and April 22, 2009, Edge entered into nine additional purchases of debt.  Edge admits that Brockman provided certain directions relating to purchasing the debt.  Edge denies the remaining allegations in Paragraph 51.

52. Edge admits it entered into ten total of debt from March 5, 2009 to April 22, 2009.  Edge admits that Brockman provided certain directions relating to purchasing the debt.  Edge states that, insofar as the allegations in Paragraph 52 refer or rely upon trade confirmations or other documents, Edge respectfully refers the Court and the parties to those documents, which speak

for themselves, and to the extent that any allegations in Paragraph 52 are inconsistent with those documents, they are denied Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 52, and denies them on that basis.

53. Edge states that Paragraph 53 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 53.  Edge further states that, insofar as the allegations in Paragraph 53 refer or rely upon Assignment and Assumption agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 53 are inconsistent with those documents, they are denied.  Edge denies the remaining allegations in Paragraph 53.

54. Edge states that, insofar as the allegations in Paragraph 54 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 54 are inconsistent with those documents, they are denied.  Edge further states that Paragraph 54 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 54. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 54, and denies them on that basis.

55. Edge states that, insofar as the allegations in Paragraph 55 refer or rely upon compliance certificates or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 55 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in Paragraph 55, and denies them on that basis.

56. Edge states that, insofar as the allegations in Paragraph 56 refer or rely upon compliance certificates or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 56 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and denies them on that basis.

57. Edge states that, insofar as the allegations in Paragraph 57 refer or rely upon credit agreements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 57 are inconsistent with those documents, they are denied.  Edge further states that Paragraph 57 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 57.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and denies them on that basis.

58. Edge states that, insofar as the allegations in Paragraph 58 refer or rely upon audited financial statements or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 58 are inconsistent with those documents, they are denied.  Edge further states that Paragraph 58 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in

Paragraph 58.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and denies them on that basis.

59. Edge states that, insofar as the allegations in Paragraph 59 refer or rely upon a management representation letter or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 59 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and denies them on that basis.

60. Edge states that, insofar as the allegations in Paragraph 60 refer or rely upon a management representation letter or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 60 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 60, and denies them on that basis.

61. Edge states that, insofar as the allegations in Paragraph 61 refer or rely upon an audit option letter, audit report, or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 61 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 61, and denies them on that basis.

62. Edge states that, insofar as the allegations in Paragraph 62 refer or rely upon an audit report, compliance certificates, or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in

Paragraph 62 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 62, and denies them on that basis.

63. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 63, and denies them on that basis.

64. Edge states that, insofar as the allegations in Paragraph 64 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 64 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 64, and denies them on that basis.

65. Edge states that, insofar as the allegations in Paragraph 65 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 65 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 65, and denies them on that basis.

66. Edge states that, insofar as the allegations in Paragraph 66 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 66 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 66, and denies them on that basis.

67. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 67, and denies them on that basis.

68. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68, and denies them on that basis.

69. Edge states that, insofar as the allegations in Paragraph 69 refer or rely upon an announcement or other documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 69 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 69, and denies them on that basis.

70. Edge states that, insofar as the allegations in Paragraph 70 refer or rely upon documents, Edge respectfully refers the Court and the parties to those documents, which speak for themselves, and to the extent that any allegations in Paragraph 70 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and denies them on that basis.

71. Edge denies that Tamine received a wire transfer.  Edge admits that, on April 21, 2010, it received a wire transfer of $67,835,129.35 to its Bermuda Commercial Bank account.  Edge states that Paragraph 71 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 71.  Edge denies the remaining allegations in Paragraph 71.

## FINANCIAL ANALYSIS OF FRAUD PROCEEDS

72. Edge states that, insofar as the allegations in Paragraph 72 refer or rely upon account opening or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 72 are inconsistent with those documents, they are denied.  Edge admits that, at some point in time, Tamine became an authorized signor on its account at Bermuda Commercial Bank in Bermuda.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 72, and denies them on that basis.

73. Edge states that Paragraph 73 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 73.  Edge further states that, insofar as the allegations in Paragraph 73 refer or rely upon bank statements or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 73 are inconsistent with those documents, they are denied.    Edge denies that during 2009 and up through April 21, 2010, proceeds from a Reynolds & Reynolds debt buyback scheme were deposited in Edge's Bermuda Commercial Bank account.    Edge denies the remaining allegations in Paragraph 73.

74. Edge states that, insofar as the allegations in Paragraph 74 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 74 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 74, and denies them on that basis.

75. Edge states that Paragraph 75 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 75.  Edge denies that the funds from the debt transaction were "fraud proceeds."  Edge denies that the funds were used in financial transactions relating to other companies owned and controlled by Brockman.  Edge admits that $15 million of the funds from the debt transaction were transferred from its Bermuda Commercial Bank account to Regency Management Ltd.  Edge denies the remaining allegations in Paragraph 75.

76. Edge states that Paragraph 76 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 76.  Edge further states that, insofar as the allegations in Paragraph 76 refer or rely upon bank statements or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 76 are inconsistent with those documents, they are denied.  Edge denies that between June 19, 2009 and April 21, 2010, proceeds from a Reynolds & Reynolds debt buyback scheme were deposited in Edge's Bermuda Commercial Bank account.  Edge admits that approximately $15 million of funds from the debt transaction were transferred from Edge's Bermuda Commercial Bank account to Regency Management Ltd..  Edge denies the $15 million was "fraud proceeds."  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 76, and denies them on that basis.

77. Edge denies the $15 million in funds were from a "debt buyback scheme." Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 77, and denies them on that basis.

78. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and denies them on that basis.

79. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and denies them on that basis.

80. Edge states that, insofar as the allegations in Paragraph 80 refer or rely upon Eagle County Title records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 80 are inconsistent with those documents, they are denied. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 80, and denies them on that basis.

81. Edge states that, insofar as the allegations in Paragraph 81 refer or rely upon escrow documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 81 are inconsistent with those documents, they are denied. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 81, and denies them on that basis.

82. Edge states that Paragraph 82 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 82. Edge lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 82, and denies them on that basis.

83. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and denies them on that basis.

84. Edge admits that Brockman spent time during certain years in Aspen, Colorado.  As to the characterizations that Brockman spent a "portion" of a year, that the "portion" was "significant," that it was "each year," and that Brockman was "living in Aspen," Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and denies them on that basis.

85. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and denies them on that basis.

86. Edge states that Paragraph 86 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 86.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 86, and denies them on that basis.

87. Edge denies the allegations in Paragraph 87.

88. Edge states that, insofar as the allegations in Paragraph 88 refer or rely upon a subscription agreement or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 88 are inconsistent with those documents, they are denied.  Edge admits that Point Investments, Ltd. became a Limited Partner in Vista Equity Partners Fund III (Parallel), LP.  Edge admits that Point was set up in the British Virgin Islands and later moved to Bermuda in 2008 or 2009.

Edge states that, to the extent Paragraph 88 contains legal conclusions, no answer is required, but if an answer is required, Edge denies the legal conclusions contained in Paragraph 88. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 88, and denies them on that basis.

89. Edge states that, insofar as the allegations in Paragraph 89 refer or rely upon a W-8 BEN or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 89 are inconsistent with those documents, they are denied. Edge further states that Paragraph 89 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 86. Edge admits that Tamine stated he completed other W8-BENs in the name of Point Investments. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 89, and denies them on that basis.

90. Edge lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and denies them on that basis.

91. Edge states that, insofar as the allegations in Paragraph 91 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 91 are inconsistent with those documents, they are denied. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 91, and denies them on that basis.

92. Edge states that, insofar as the allegations in Paragraph 92 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak

for themselves, and to the extent that any allegations in Paragraph 92 are inconsistent with those documents, they are denied.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 92, and denies them on that basis.

93. Edge states that Paragraph 93 contains legal conclusions and characterizations, including "traceable", "debt buyback scheme", "comprised of", "proceeds",  "Reynolds & Reynolds debt buyback proceeds," and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 93.  Edge admits that it wired $9,900,000.00 from its Bermuda Commercial Bank account (ref: SumTotal Systems). Edge denies that it wired the $9,900,000.00 on November 1, 2012.  Edge states that, insofar as the allegations in Paragraph 93 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 93 are inconsistent with those documents, they are denied.  Edge denies that, at the time of this transfer, approximately $15 million in funds traceable to the Reynolds & Reynolds debt buyback scheme were held in Edge's Bermuda account.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 93, and denies them on that basis.

94. Edge states that Paragraph 94 contains legal conclusions and characterizations, including "traceable to", "debt buyback scheme", "comprised of", "proceeds",  "Reynolds & Reynolds debt buyback proceeds," and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 94.  Edge admits that it wired $39,200,000.00 from its Bermuda Commercial Bank account (ref: SumTotal Systems) to purchase debt related to SumTotal Systems.  Edge denies that it wired the $39,200,000.00

on "the same day, November 1, 2012." Edge states that, insofar as the allegations in Paragraph 94 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 94 are inconsistent with those documents, they are denied. Edge denies that, at the time of this transfer, approximately $15 million in funds from the Reynolds & Reynolds debt transaction were held in its Bermuda Commercial Bank account. Edge denies that $5,100,000.00 of the $39,200,000.00 transfer was comprised of Reynolds & Reynolds debt buyback proceeds. Edge denies the remaining allegations in Paragraph 94.

95. Edge states that, insofar as the allegations in Paragraph 95 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 95 are inconsistent with those documents, they are denied. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 95, and denies them on that basis.

96. Edge admits that it received approximately $8 million in interest payments from the SumTotal Systems debt investment, and that the interest payments were deposited into its account at Bermuda Commercial Bank. Edge states that, insofar as the allegations in Paragraph 96 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 96 are inconsistent with those records or documents, they are denied. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 96, and denies them on that basis.

97. Edge admits that it sold the SumTotal debt and received wire transfers, totaling approximately $49,331,649.00.   Edge admits this amount was deposited into its account at Bermuda Commercial Bank.  Edge further states that, insofar as the allegations in Paragraph 97 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the records or documents, which speak for themselves, and to the extent that any allegations in Paragraph 97 are inconsistent with those records or documents, they are denied.   Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 97, and denies them on that basis.

98. Edge admits that it wire transferred $45 million from its Bermuda Commercial Bank account to its Mirabaud Bank account in Switzerland.  Edge further states that, insofar as the allegations in Paragraph 98 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the records or documents, which speak for themselves, and to the extent that any allegations in Paragraph 98 are inconsistent with those records or documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 98, and denies them on that basis.

99. Edge denies the allegations in Paragraph 99.

100. Edge admits that, on or around April 13, 2013, it opened a bank account at Mirabaud Bank in Switzerland.  Edge denies the remaining allegations in Paragraph 100.

101. Edge denies that a new account needed to be set up for Edge Capital Investments, Ltd. outside of Bermuda because another Bermuda bank, Butterfield Bank, had made a connection between Brockman and the offshore structures.   Edge further states that, insofar as the allegations in Paragraph 101 refer or rely upon email or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the

extent that any allegations in Paragraph 101 are inconsistent with those documents, they are denied. Edge denies the remaining allegations in Paragraph 101.

102. Edge admits that it wire transferred $80 million from its Bermuda Commercial Bank account to its Mirabaud bank account. Edge states that, insofar as the allegations in Paragraph 102 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the records or documents, which speak for themselves, and to the extent that any allegations in Paragraph 102 are inconsistent with those records or documents, they are denied. Edge denies the remaining allegations in Paragraph 102.

103. Edge states that, insofar as the allegations in Paragraph 103 refer or rely upon email, trust indentures, or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 103 are inconsistent with those documents, they are denied. Edge denies that Tamine was concerned about the ability of the government to connect the Massengill Trusts to Don Massengill. Edge admits that Tamine created The Edge Purpose Trust. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 103, and denies them on that basis.

104. Edge admits that Tamine stated that he withheld from Mirabaud Bank that he took direction from Brockman on what would happen with the funds in that account. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 104, including whether Tamine intentionally withheld information from Mirabaud Bank, and denies them on that basis.

105. Edge states that, insofar as the allegations in Paragraph 105 refer or rely upon email or other documents, respectfully refers the Court and the parties to the documents, which speak for

themselves, and to the extent that any allegations in Paragraph 105 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 105, and denies them on that basis.

106. Edge states that, insofar as the allegations in Paragraph 106 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 106 are inconsistent with those documents, they are denied.  Edge further states that Paragraph 106 contains legal conclusions and characterizations, including "commingled", "traceable to", "buyback proceeds", "Reynolds & Reynolds debt buyback proceeds", "directly traceable to the wire fraud proceeds received from the Reynolds & Reynolds debt buyback scheme," "proceeds traceable to the original fraud proceeds," and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 106.  Edge admits that it transferred $80 million from its Bermuda Commercial Bank account to its Mirabaud Bank account.  Edge denies the remaining allegations in Paragraph 106.

107. Edge admits that it wire transferred $45 million from its account at Bermuda Commercial Bank to its Mirabaud account.  Edge states that, insofar as the allegations in Paragraph 107 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 107 are inconsistent with those documents, they are denied.  Edge further states that Paragraph 107 contains legal conclusions and characterizations, including "proceeds", "traceable to", " "Reynolds & Reynolds debt buyback scheme", and "traceable to and involved in money laundering," and therefore no answer is required, but if an answer is

required, Edge denies the legal conclusions and characterizations contained in Paragraph 107. Edge denies the remaining allegations in Paragraph 107.

108. Edge admits that, according to Tamine, in October 2018, over $125 million of Edge's funds was in its Mirabaud account in Switzerland.  Edge states that, insofar as the allegations in Paragraph 108 refer or rely upon documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 108 are inconsistent with those documents, they are denied.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 108, and denies them on that basis.

109. Edge states that, insofar as the allegations in Paragraph 109 refer or rely upon bank records or other documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 109 are inconsistent with those documents, they are denied.  Edge admits that certain funds from Edge's Mirabaud account have been invested in interest-earning investment vehicles.

110. Edge states that Paragraph 110 contains legal conclusions and characterizations, including "proceeds", "directly traceable to", " "Reynolds & Reynolds debt buyback fraud," and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 110.  Edge denies the remaining allegations in Paragraph 110.

111. Edge states that Paragraph 111 contains legal conclusions and characterizations, including "traceable to", "involved in," and "money laundering," and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 111.  Edge denies the remaining allegations in Paragraph 111.

112. Edge admits the United States obtained a seizure warrant for approximately $77,888,782.61 held in Mirabaud Bank account #509951. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 112, and denies them on that basis.

CRIMINAL INDICTMENT

113. Edge states that, insofar as the allegations in Paragraph 113 refer or rely upon documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 113 are inconsistent with those documents, they are denied.  Edge admits that, an indictment from the Northern District of California, dated October 1, 2020, charges Robert T. Brockman with alleged violations.  Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 113, and denies them on that basis.

114. Edge states that, insofar as the allegations in Paragraph 114 refer or rely upon documents, Edge respectfully refers the Court and the parties to the documents, which speak for themselves, and to the extent that any allegations in Paragraph 114 are inconsistent with those documents, they are denied.  Edge states that Paragraph 114 contains legal conclusions and characterizations, including "Reynolds & Reynolds debt buyback scheme", "Deutsch Bank is the affected financial institution," "the same conduct would constitute violations of 18 U.S.C. § 1344 (Band Fraud)," "Reynolds & Reynolds debt buyback scheme," "proceeds," "based, in part, on the movement," and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 114.  Edge denies the remaining allegations in Paragraph 114.

<u>FIRST CLAIM FOR RELIEF</u>

115. Edge repeats and incorporates by reference its above answers.

116. Edge states that Paragraph 116 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 116. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 116, and denies them on that basis.

<u>SECOND CLAIM FOR RELIEF</u>

117. Edge repeats and incorporates by reference its above answers.

118. Edge states that Paragraph 118 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 118. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 118, and denies them on that basis.

<u>THIRD CLAIM FOR RELIEF</u>

119. Edge repeats and incorporates by reference its above answers.

120. Edge states that Paragraph 120 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 120. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 120, and denies them on that basis.

## FOURTH CLAIM FOR RELIEF

121. Edge repeats and incorporates by reference its above answers.

122. Edge states that Paragraph 122 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 122. Edge lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 122, and denies them on that basis.

## FIFTH CLAIM FOR RELIEF

123. Edge repeats and incorporates by reference its above answers.

124. Edge states that Paragraph 124 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 124. Edge denies the remaining allegations in Paragraph 124.

## SIXTH CLAIM FOR RELIEF

125. Edge repeats and incorporates by reference its above answers.

126. Edge states that Paragraph 126 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 126. Edge denies the remaining allegations in Paragraph 126.

## SEVENTH CLAIM FOR RELIEF

127. Edge repeats and incorporates by reference its above answers.

128. Edge states that Paragraph 128 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 128.   Edge denies the remaining allegations in Paragraph 128.

## EIGTH CLAIM FOR RELIEF

129. Edge repeats and incorporates by reference its above answers.

130. Edge states that Paragraph 130 contains legal conclusions and characterizations, and therefore no answer is required, but if an answer is required, Edge denies the legal conclusions and characterizations contained in Paragraph 130.   Edge denies the remaining allegations in Paragraph 130.

## **DEMAND FOR JURY TRIAL**

Edge demands a trial by jury.

## **AFFIRMATIVE DEFENSES**

1.   Edge is an innocent owner under 18 U.S.C. § 983(d).

2.   Plaintiff's claims are barred by the applicable statute of limitations, including but not limited to 19 U.S.C. § 1621, 18 U.S.C. § 984, 18 U.S.C. § 3282, and 18 U.S.C. § 3293.

3.   Plaintiff's requested relief would constitute an excessive fine under the Eighth Amendment to the U.S. Constitution.

## PRAYER FOR RELIEF

WHEREFORE, Claimant prays that this Court:

1. Enter judgment on behalf of the Claimant.

2. Award reasonable attorney fees and other litigation costs incurred by the Claimant under 28 U.S.C. §2465(b)(1)(A).

3. Award post-judgment interest, as set forth in 28 U.S.C. §1961, pursuant to 28 U.S.C. §2465(b)(1)(B).

4. Award interest actually paid to the United States from the date of seizure on the seized bank account and currency or an imputed amount of interest according to the formula in 28 U.S.C. §2465(b)(1)(C) for any period during which interest was not paid.

5. Provide such other relief as the Court deems just and proper.

March 10, 2023

Respectfully submitted,

**AEGIS LAW GROUP LLP**

*/s/ Branden Lewiston*
Branden Lewiston
801 Pennsylvania Ave, NW, Suite 740
Washington, DC 20004
Tel: (202) 737-3500
Fax: (202) 735-5070
blewiston@aegislawgroup.com

*Counsel for Claimant*
*Edge Capital Investments, Ltd.*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 10, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notice to all counsel of record.

*/s/ Branden Lewiston*_____