IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-00796-CYC

UNITED STATES OF AMERICA

    Plaintiff,

v.

1. 121 ASH ROAD BASALT, COLORADO
2. APPROXIMATELY $77,888,782.61 HELD AND FROZEN IN MIRABAUD BANK ACCOUNT #509951

    Defendants,

and

EDGE CAPITAL INVESTMENTS, LTD.,
HENKE PROPERTY LLC,

    Claimants.

**DECLARATION OF FRANK J. JACKSON IN SUPPORT OF MOTION ON BEHALF OF SPANISH STEPS HOLDINGS LIMITED TO INTERVENE AND TO DIRECT THE ACTIVITIES OF CLAIMANTS EDGE CAPITAL INVESTMENTS, LTD. AND HENKE PROPERTY LLC, OR IN THE ALTERNATIVE FOR A STAY**

I, Frank J. Jackson, declare as follows:

    1.    I am the director of Spanish Steps Holdings Limited ("Spanish Steps"). I reside in Houston, Texas. I am over the age of eighteen, competent to testify, and authorized to make this declaration. The facts set forth herein are based on my personal knowledge and review of business records, and are true and correct to the best of my knowledge. I make this declaration in support of the motion on behalf of Spanish Steps to intervene and to direct the activities of claimants Edge Capital Investments, Ltd. ("Edge") and Henke Property LLC ("Henke"), or in the alternative for a

1

brief stay pending the appointment of a receiver concerning the assets at issue in a proceeding pending in Bermuda.

2. Spanish Steps is a company incorporated in the British Virgin Islands that was previously wholly owned by the A. Eugene Brockman Charitable Trust ("AEBCT") and held the assets of AEBCT. Robert T. Brockman was a discretionary beneficiary of the AEBCT. Pursuant to the exercise of a testamentary power of appointment set out in the AEBCT trust indenture, upon the death of Mr. Brockman, the entire corpus of the AEBCT was transferred to the Robert T. Brockman Management Trust ("Management Trust"), a trust settled in the Cayman Islands. Spanish Steps is now wholly owned by the Management Trust and continues to hold most of its assets.

**Resolution of Criminal and Tax Proceedings Involving Mr. Brockman and the Brockman Estate**

3. Mr. Brockman was indicted in October 2020 ("Indictment") on charges for, among other things, wire fraud and money laundering in connection with the purchase by Edge of debt instruments owed by The Reynolds and Reynolds Company ("Reynolds Debt"). Mr. Brockman passed away from Alzheimer's disease on August 5, 2022, and the criminal charges were dismissed. Prior to his death, the IRS commenced jeopardy assessment tax collection proceedings and issued a Notice of Deficiency determining a civil tax liability. Mr. Brockman challenged these assessments in the U.S. Tax Court in a case ultimately titled *The Estate of Robert T. Brockman, et. al. v. Commissioner*, No. 764-22 ("Tax Court Case").

4. At issue in this matter are two assets that the government seeks to forfeit based on the same wire fraud and money laundering allegations that were set out in the Indictment, specifically approximately $77,888,782.61 (the "Edge Funds") held in Mirabaud Bank Account

2

#509951 (the "Edge Account") located in Switzerland, and real property located at 121 Ash Road, Basalt, Colorado (the "Ash Road Property").

5. On February 9, 2024, the Brockman Estate entered into a settlement agreement with the Internal Revenue Service ("Tax Court Settlement") to resolve the Tax Court Case. A true and correct copy of the Tax Court Settlement, which involved the settlement of confidential tax matters, is attached hereto as Exhibit A with redactions to protect confidential information not at issue here. As part of this settlement, the Brockman Estate agreed to the full and complete repatriation of all funds held offshore by entities owned, controlled, or managed by the Estate or any affiliates, trustees, or partners. This specifically includes, but is not limited to, the AEBCT and its assets, as well as funds for which Robert T. Brockman or his estate has a claim in any worldwide or judicial proceedings. The Tax Court Settlement also required the Brockman Estate to enter into a closing agreement with the IRS to resolve issues relating to Foreign Bank Account Report ("FBAR") filings (the "FBAR Closing Agreement"), and the repatration obligation expressly included funds from all accounts identified in the FBAR Closing Agreement.

6. Since the execution of the Tax Court Settlement, I have worked diligently, in my role as trustee of the Management Trust, to identify, marshal, and repatriate assets pursuant to the agreement. In April 2024, the Brockman Estate and the IRS entered into the FBAR Closing Agreement. The Edge Account at Mirabaud Bank, holding the funds at issue in this forfeiture action, is expressly identified by the FBAR Closing Agreement.[1]

7. Dorothy Brockman, as Independent Executor and sole residual beneficiary of the Estate of Robert T. Brockman ("Brockman Estate"), has assigned to Spanish Steps any and all

---

[1] The FBAR Closing Agreement consists almost entirely of a list of bank accounts, most of which are not at issue here. For that reason, I have not included it as an exhibit to this Declaration.

3

claims that the Brockman Estate or she may have concerning the Edge Account and the Ash Road Property. Attached as Exhibit B is a true and correct copy of the assignment agreement.

8. Dorothy Brockman is also the sole non-charitable beneficiary of the Management Trust. Under the terms of the Management Trust, a specified sum of money is to be distributed to a named charitable trust; the remaining funds, net that amount and liabilities including the amount due to the IRS under the Settlement Agreement, are to be distributed to Mrs. Brockman. In addition to serving as the director of Spanish Steps, I am also the trustee of the Management Trust.

9. Spanish Steps, as the assignee of the Brockman Estate's claims and as the entity responsible for marshalling and repatriating assets pursuant to the Tax Court Settlement, is committed to taking reasonable measures to repatriate the Edge Funds and any other offshore assets determined to have been Mr. Brockman's property.

**Bermuda Proceedings Regarding Control and Administration of the Alpheus Trust**

10. Based on the best available information, the financial interests in Edge and its assets, including the Edge Funds, are held either directly or indirectly by the Alpheus Charitable Trust (the "Alpheus Trust"), a Bermuda trust established by Evatt Tamine in 2011 and controlled by him since. Mrs. Brockman is a named beneficiary of the Alpheus Trust. The agreed-upon pleadings in this forfeiture action establish that the Ash Road Property, while titled to Henke, was acquired with funds from Edge.

11. In my capacity as representative of the non-charitable beneficiaries of the predecessor trust to the Alpheus Trust, I commenced an action pending before the Supreme Court of Bermuda, *Jackson v. Tamine*, Supreme Court of Bermuda, Civil Jurisdication, 2025 No. 194 (*Jackson v. Tamine*). In that action, I have asked the Bermuda court to declare the Alpheus Trust void *ab initio* and to appoint a receiver to marshal and control the assets of the predecessor trust,

4

including Edge and its assets. Significantly, on August 20, the Bermuda Court in *Jackson v. Tamine* entered a worldwide asset preservation injunction on an *ex parte* basis against Tamine, Edge, the Alpheus Trust, and other entities believed to be controlled by Tamine. A true and correct copy of the injunction is attached as Exhibit C. This injunction was served on Tamine on September 25, 2025. Filing the motion to intervene prior to the service of that injunction would have tipped off Tamine that steps were being taken to dislodge him from control of offshore assets, risking that he would have moved assets further beyond recovery.

12. It is my understanding, based on the proceedings in this matter to date, that Edge and Henke are controlled by Evatt Tamine. For example, Tamine verified Edge's claim in this action, describing himself as Edge's director and secretary and the sole signatory of the Edge Account. Dkt. 5. On information and belief, I understand that the Ash Road Property is held through Regency Management Ltd., which is similarly controlled by Tamine. And as previously noted, the current parties agree in the pleadings that the Ash Road Property was purchased and developed with funds from Edge. The Alpheus Trust at issue in *Jackson v. Tamine* was established by Tamine, and on information and belief continues to be controlled by him. Notably, allegations of criminal conduct by Tamine pervaded the Indictment, in which Tamine was described as a co-conspirator identified as "Individual One."

13. The result sought in this intervention motion and in Jackson v. Tamine is the same: that Tamine should no longer directly or indirectly control assets traceable back to the activities of Mr. Brockman, including the Edge Account and the Ash Road Property.

14. This motion, and *Jackson v. Tamine*, are not the first instances in which courts have been asked to remove Tamine from a position of control over assets relating to Mr. Brockman's activities. Attached as Exhibit D is a true and correct copy of the decision in *St. John's Trust*

5

*Company (PVT) Ltd. V. Medlands (PVT) et al.*, Case No. Civ/2020/8 (Bermuda Court of Appeal), in which the highest court in Bermuda found that serious allegations of wrongdoing against Tamine disqualified him from a continuing role in connection with the AEBCT. Attached as Exhibit E is a true and correct copy of a similar decision in Spanish Steps Holdings Ltd. v. Point Investments Ltd., Case No. 300 (Nov. 17, 2021), finding that Tamine should not have a continuing role in connection with the activities of Point Investments LLC, a subsidariy of Spanish Steps.

15. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 25, 2025, at Houston, Texas.

_____
Frank J. Jackson
Director, Spanish Steps Holdings, LTD